```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
CITY OF HOLLYWOOD FIREFIGHTERS'
PENSION FUND, Individually and On
Behalf of All Others Similarly                MEMORANDUM AND ORDER
Situated,

                          Plaintiff,          24 Civ. 8664 (NRB)

          - against -

ASML HOLDING N.V., CHRISTOPHE FOUQUET,
ROGER DASSEN, and PETER WENNINK,

                          Defendants.
-------------------------------------X
ANAS MATAR, Individually and On
Behalf of All Others Similarly
Situated,

                          Plaintiff,          24 Civ. 9908 (NRB)

          - against -

ASML HOLDING N.V., CHRISTOPHE FOUQUET,
ROGER DASSEN, and PETER WENNINK,

                          Defendants.
-------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

The above-captioned class actions (the "Actions") are brought against ASML Holding N.V. and its executives, Christophe Fouquet, Roger Dassen, and Peter Wennink, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, 17 C.F.R. § 240.10b-5.  <u>City of Hollywood Firefighters' Pension Fund v. ASML Holding N.V., et</u>

1

al., No. 24 Civ. 8664 (NRB); Anas Matar v. ASML Holding N.V., et al., No. 24 Civ. 9908 (NRB).

Six applicants filed motions seeking to consolidate these cases, be appointed as lead plaintiff, and appoint their attorneys as lead counsel. For the reasons set forth below, we consolidate the Actions, appoint the City of Hollywood Firefighters' Pension Fund ("Hollywood Firefighters"), City of Hollywood Police Officers' Retirement System ("Hollywood Police"), City Pension Fund for Firefighters and Police Officers in the City of Miami Beach ("Miami Beach F&P"), City Pension Fund for Firefighters and Police Officers ("Detroit P&F") (collectively, the "Police and Fire Funds") as lead plaintiffs, and appoint Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Kessler Topaz Meltzer & Check LLP ("Kessler Topaz") as lead counsel.

## DISCUSSION

### I. Consolidation of the Actions

Because the Actions filed against ASML "contain the same factual and legal issues," we consolidate them under Rule 42(a) of the Federal Rules of Civil Procedure. Atwood v. Intercept Pharm., Inc., 299 F.R.D. 414, 415 (S.D.N.Y. 2014). The caption of the consolidated actions shall hereinafter be "In re ASML Holding N.V. Securities Litigation." All relevant filings and submissions shall be maintained as one file under No. 24 Civ. 8664 (NRB). Any other securities actions now pending or later filed in this

2

district that arise out of or are related to the same facts as alleged in the above cases shall be consolidated with these Actions for all purposes.

## II. Appointment of Lead Plaintiff

Six applicants filed timely motions seeking to be appointed as lead plaintiff and appoint their attorneys as lead counsel.[1] In the two weeks that followed, three of those applicants filed notices stating that they did not oppose the competing motions.[2]

Accordingly, three lead plaintiff candidates remain, namely: (i) Shahram Afshani, Sandra Afshani, and Parviz Afshani (together, the "Afshanis"); (ii) the Police and Fire Funds; and (iii) the Northern California Pipe Trades Trust Funds ("NCPTTF").[3] Following our review of the applicable legal standard, we address the application of each candidate in turn.

---

[1] The Court received timely motions to be appointed lead plaintiff from: (1) Anas Matar, represented by Bleichmar Fonti & Auld LLP (ECF Nos. 11-15); (2) Robert Lowinger and The Condor Group, LLC, represented by Bernstein Liebhard, LLP (ECF Nos. 29-31); (3) New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund, City of Birmingham Retirement and Relief System, and Howard County Master Trust, represented by Robbins Geller Rudman & Dowd LLP (ECF Nos. 34, 36-39); (4) the Police and Fire Funds, represented by Bernstein Litowitz Berger & Grossman LLP and Kessler Topaz Meltzer & Check LLP (ECF Nos. 26-28, 33, 35); (5) Shahram Afshani, Sandra Afshani, and Parviz Afshani (together, the "Afshanis"), represented by Hagens Berman Sobol Shapiro, LLP (ECF Nos. 21-25); and (6) the Northern California Pipe Trades Trust Funds ("NCPTTF"), represented by Block & Leviton LLP (ECF Nos. 16-20).

[2] The Court received notices of non-opposition from: (1) Matar (ECF No. 41); (2) Lowinger and The Condor Group, LLC (ECF No. 42); and (3) New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund, City of Birmingham Retirement and Relief System, and Howard County Master Trust (ECF No. 43).

[3] The three remaining lead plaintiff candidates subsequently responded and replied to each other's motions. See ECF Nos. 44-54.

**a. Legal Standard**

Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Court must appoint "the most adequate plaintiff" as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The Court is to presume that the "most adequate plaintiff" is the person or group of persons that: (i) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and (ii)"otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)-(cc).

The PSLRA does not specify how a court should assess a party's financial interest in the litigation. However, courts typically look to four factors: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered[.]" In re eSpeed, Inc. Sec. Litig., 232 F.R.D. 95, 100 (S.D.N.Y. 2005) (citation omitted). "Pursuant to the PSLRA, the presumptive lead plaintiff is the investor with the largest financial interest in the outcome of the action[.]" Cook v. Allergan PLC, No. 18 Civ. 12089 (CM), 2019 WL 1510894, at *1 (S.D.N.Y. Mar. 21, 2019).

In determining whether a person or group of persons satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions relevant." Shi v. Sina

Corp., et al., No. 05 Civ. 2154 (NRB), 2005 WL 1561438, at *2 (S.D.N.Y. July 1, 2005) (quoting In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998)).  The "typicality [requirement] is satisfied" where the proposed lead plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise."  Teran v. Subaye, Inc., No. 11 Civ. 2614 (NRB), 2011 WL 4357362, at *5 (S.D.N.Y. Sept. 16, 2011) (citation omitted).  "The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."  Foley v. Transocean Ltd., 272 F.R.D. 126, 131 (S.D.N.Y. 2011).

"Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a member of the purported class that the presumptive lead plaintiff will not fairly and adequately protect the interests of the class or is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  Freudenberg v. E*Trade Fin. Corp., No. 07 Civ. 10400, 2008 WL 2876373, at *3 (S.D.N.Y. July 16, 2008) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)) (internal quotations omitted).

**b. The Afshani Family**

The Afshanis claim the largest financial interest in this litigation, asserting that they suffered $1,629,762.39 in losses. See ECF No. 25-2 at 2. Although the Police and Fire Funds contend that the Afshanis' options trading and short selling may have resulted in lower losses than they assert, ECF No. 47 at 10-12, the Court need not address this argument because the Afshanis do not satisfy the requirements of Rule 23 and thus would not be an appropriate lead plaintiff for the proposed class.

As the Police and Fire Funds note, the Afshanis are atypical because their losses arose primarily from options-related transactions and short sales.[4] See ECF No. 47 at 12-17. If the Court were to appoint the Afshanis as lead plaintiff, it is likely that their options trading and short selling would become a focal point at class certification, with unique questions raised about their resulting losses. Accordingly, because factual issues unique to the Afshanis "would likely threaten to become the focus of the litigation," the Court declines to appoint the Afshanis as lead plaintiff. Andrada v. Atherogenics, Inc., No. 05 Civ. 00061 (RJH), 2005 WL 912359, at *5 (S.D.N.Y. Apr. 19, 2005) (internal quotations and citation omitted); see also Allergan, 2019 WL 1510894, at *2 (determining that proposed lead plaintiff with losses arising from options trading "very likely would introduce

---

[4] The Afshanis do not deny that a large majority of their losses are attributable to options trading. See ECF No. 46 at 4-6.

factual issues irrelevant to stockholder class members, like strike price, duration, maturity, volatility, and interest rates, and . . . could subject the class to unique defenses, causing unnecessary conflict") (internal quotations and citations omitted).

### c. The Police and Fire Funds

The Police and Fire Funds assert total losses of $1,488,214.35. See ECF No. 33-2 at 2-6. Although the Afshanis contend that these claimed losses improperly exclude approximately $450,000 in gains from pre-class shares held and sold in the class period, ECF No. 46 at 8, an assertion which the Police and Fire Funds dispute, ECF No. 54 at 4-6, the Court need not determine which party's calculation is correct. Even if the Court were to accept the Afshanis' position and add the alleged $450,000 in gains to the Police and Fire Funds' losses, those losses would remain significantly higher than those reported by NCPTTF, the only other remaining lead plaintiff candidate.[5]

Moreover, the Police and Fire Funds are typical of the class, as they "purchased or otherwise acquired ASML ordinary shares," Hollywood Firefighters, ECF No. 1 ¶ 1, and claim to have suffered losses as a result of defendants' allegedly wrongful conduct.

---

[5] The Afshanis contend that, after accounting for the Hollywood Firefighters' alleged gains, the Police and Fire Funds' total losses would be $1,036,270.20. ECF No. 46 at 8. NCPTTF claims only $607,027.47 in losses. See ECF No. 18-3 at 3.

7

See Foley, 272 F.R.D. at 131 ("The typicality threshold is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise.") (internal quotation marks and citation omitted).

The Police and Fire Funds also appear to be adequate lead plaintiffs. They are an experienced group of institutional investors who have submitted a sworn Joint Declaration demonstrating their commitment and ability to direct this litigation jointly and in the best interests of the class. See ECF No. 33-3. Importantly, having lost more than a million dollars, the Police and Fire Funds have an incentive to "vigorous[ly] advoca[te]" on behalf of the class. Foley, 272 F.R.D. at 131.

Although the Afshanis contend that the Police and Fire Funds cannot adequately serve as lead plaintiffs because they are an "artificial group" lacking a "pre-existing relationship[,]" ECF No. 46 at 9, cooperation between institutional investors is permitted by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). However, "courts regularly require proposed lead plaintiff groups to demonstrate their ability to function as a cohesive and independent unit to protect the interests of the class." In re Petrobras Sec. Lit., 104 F. Supp. 3d 618, 622 (S.D.N.Y. 2015). Relevant factors in this analysis include "whether [the group's members] have cooperated effectively thus far" and "whether they

have a coherent plan for dividing responsibilities, resolving conflicts, and managing the litigation." Id. (citing Varghese v. China Shenghuo Pharm. Holdings, Inc., 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008)).

The Court recognizes these concerns and has carefully reviewed the documents made available to the Court by the Police and Fire Funds, including the parties' Joint Prosecution Agreement, reviewed in camera, and Joint Declaration, ECF No. 33-3. The Court is satisfied that its concerns about duplicative efforts and cohesiveness have been thoroughly addressed.[6] Accordingly, the Police and Fire Funds are well-suited to serve as lead plaintiffs.

### d. NCPTTF

Because the remaining candidate, NCPTTF, claims only $607,027.47 in losses, ECF No. 18-3 at 3, it does not have the largest financial interest in the outcome of this litigation. Moreover, in light of our determination that the Police and Fire Funds are well-suited to serve as lead plaintiffs, we need not examine NCPTTF's application any further.

---

[6] We note that courts routinely appoint cohesive groups of class members as lead plaintiff. See, e.g., Reimer v. Ambac Fin. Grp., Inc., No. 08 Civ. 411 (NRB), 2008 WL 2073931, at *3-*5 (S.D.N.Y. May 9, 2008) (appointing group of pension funds); Baxter v. MongoDB, Inc., No. 24 Civ. 5191 (GHW), 2024 WL 4753605, at *7 (S.D.N.Y. Nov. 12, 2024) (appointing group of pension funds).

In this regard, it is helpful to remember that awards of attorneys' fees generally constitute a percentage of the recovery, after due consideration to the lodestar. This reality clearly operates as a disincentive for class counsel to engage in unnecessary or duplicative work.

## III. Appointment of Lead Counsel

The Police and Fire Funds have moved to designate their selected law firms, Bernstein Litowitz and Kessler Topaz, as lead counsel. The PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." In re Adelphia Commc'ns Corp. Sec. & Deriv. Litig., No. 03 MDL 1529 (LMM), 2008 WL 4128702, at *2 (S.D.N.Y. Sept. 3, 2008) (internal quotation marks and citation omitted). However, the lead plaintiff's choice of counsel is "subject to the approval of the court." 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Litowitz and Kessler Topaz have extensive experience prosecuting securities class actions, and the Court has no reason to believe that either firm will not adequately represent the interests of the class. Accordingly, the Court approves their selection as lead counsel.

## CONCLUSION

For the foregoing reasons, the Actions are consolidated, the Police and Fire Funds are appointed as lead plaintiffs, and Bernstein Litowitz and Kessler Topaz are appointed as lead counsel.

Lead plaintiffs shall file an amended complaint within 45 days of this Order, and defendants shall respond to the complaint within 45 days of the filing of the amended complaint, either by responsive pleading or a motion to dismiss. If defendants move to

dismiss the amended complaint, lead plaintiffs will have 45 days to file an opposition brief, after which defendants will have 25 days to file a reply brief.

The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 11, 16, 21, 27, 29, and 36.

**SO ORDERED.**

Dated:   New York, New York
         March 6, 2025

                                                                                   _____
                                                                                  NAOMI REICE BUCHWALD
                                                                  UNITED STATES DISTRICT JUDGE