# Exhibit 94

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re ASML Holding N.V. Securities Litigation* | Case No. 1:24-cv-08664-NRB-JW |

**DECLARATION OF [redacted]**

[redacted] hereby declares as follows:

1. Counsel for ASML provided me with a copy of the Amended Complaint in this action. I believe that I am the person identified as Former Employee 5 ("FE5") in the Amended Complaint.

2. I received two calls about this case, each lasting less than 15 minutes. During the first call, I spoke with an individual whose position was unclear to me. During the second call, I spoke with an individual who I believed to be from a law firm. I understand that both calls were from personnel working with the plaintiffs in this lawsuit.

3. I was never shown a draft of the Amended Complaint or any portions that reference me. I was not provided the opportunity to review or correct any of the statements attributed to me in the Amended Complaint.

4. Paragraph 112 states that I worked on the installation of EUV tools at ASML. I told plaintiffs' personnel that my work was limited to machine installation, that I did not work on post-installation machine sustainment or maintenance, and that I did not have any information about post-installation machine sustainment or maintenance. That information is not in the Amended Complaint.

5. Paragraph 113 references statements I made about construction delays in 2023 for a

fab at Samsung's Texas location. I told plaintiffs' personnel that those delays in 2023 were caused by miscalculations concerning the slump of the concrete and by certain Samsung personnel being indisposed during that time. That information is not in the Amended Complaint.

6. Paragraph 113 states that Samsung's Texas location "was supposed to have nine fabs built on that land." I told the plaintiffs' personnel that Samsung had announced plans to build nine fabs. I have no basis to know whether ASML management believed all nine would be built, or when. It was not and is not surprising to me that construction would begin on only one of the nine planned fabs, and it was common for other fabs in a project of this scale to be built gradually, only after the first fab was up and running, given size and costs.

7. Paragraph 114 references delays in 2024 in constructing the first fab at Samsung's Texas location. Given the delay, I was offered the opportunity to relocate to an Arizona facility to service another customer of ASML around that time. In addition, given the delay, ASML instead sold the lithography machines planned to be used at Samsung's Texas facility to other ASML customers, including to a customer for use in Europe and another customer for use in the United States and Asia.

8. Paragraph 114 references that I spent time at Samsung's Korea fabs. I told plaintiffs' personnel that I worked at Samsung fabs in Korea for approximately 1.5 months, installing machines. I worked there from approximately end of August 2023 until October 9, 2023. That information is not in the Amended Complaint. That paragraph also says that Samsung's Korea fabs were running at 70% utilization when I was there. I do not know, and have no basis to know, whether that level of utilization is standard for Samsung or represents a change from Samsung's typical practice.

9. Paragraph 115 claims that "when asked if other customers were not moving forward

with fabs scheduled to take EUV equipment like Samsung, FE 5 noted that it was across the board." I did not make this "across the board" statement. I would not have had any basis to make that statement.

10. Paragraph 258 claims that I said that "Samsung in Korea had daily meetings on the status of ASML tools and the percentage of what they needed by the end of the year. They had daily dialogue or emails." That is not what I said. I told plaintiffs' personnel that these meetings and information were limited to the progress of installing machines that had already been ordered and shipped. I did not say that these meetings and information had anything to do with customers' future needs, and they did not. As a member of an installation team, I was not part of any discussions about customers' future needs.

11. Paragraph 258 claims that I said that "data was also available internally online in a spreadsheet that listed every piece of equipment getting installed globally, the location, the phase the tool is in, the progress of the tool and date to be installed." I told plaintiffs' personnel that this information related only to machines that were already ordered and were in the process of being installed. This information did not relate to post-installation machine sustainment or maintenance.

12. Paragraph 260 claims that I said that "utilization metrics were reviewed in daily meetings and provided insight into customers' needs for future machinery." I did not say this and would not have said it. I told plaintiffs' personnel that I worked only on installations, and that any information about the use of machines after installation would have been covered by sustainment or maintenance teams. I was not part of those teams and had no information about them.

13. Paragraph 260 states that I said that "ASML's equipment is all networked online, allowing [me] and other ASML employees to see in real time which machines are down, error messages, and utilization levels." I told plaintiffs' personnel that ASML's customers control who

has access to the machine data. I never had access to any data once machines were installed, and I have no idea what kind of information was made available to ASML, or to who at ASML, after installation.

14. I was never told that my statements would be used in a legal complaint against ASML. I did not authorize my statements to be used, and I would not have given my authorization if asked.

15. I told the plaintiffs' personnel that, based on what I knew, ASML forecasted as best it could based on the information it had at the time; if clients later changed their minds regarding orders, that is beyond ASML's control although it could reassign machines (or staffing) to other customers who needed them, just as ASML did as described above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 26 June, 2025. [redacted]