**KESSLERTOPAZ**
**MELTZERCHECK** LLP
ATTORNEYS AT LAW

October 7, 2025

Application granted.

SO ORDERED.

*[signature]*

NAOMY REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Dated: February 12, 2026
New York, New York

**VIA ECF AND EMAIL TO CHAMBERS**
The Hon. Naomi Reice Buchwald, U.S.D.J.
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:     *In re ASML Holding N.V. Securities Litigation*, No. 24-cv-8664-NRB-JW

Dear Judge Buchwald:

Pursuant to Rule 2.E.2 of Your Honor's Individual Practices, we write on behalf of Lead Plaintiffs ("Plaintiffs") to respectfully request leave to file under seal limited portions of Plaintiffs' Exhibits ("PX") 2–5 to the October 7, 2025 Declaration of Sharan Nirmul (the "Nirmul Declaration") (Dkt. No. 104). Plaintiffs filed the Exhibits at issue on the public docket with redactions. The unredacted Exhibits have been filed under seal as attachments to the Sealed October 7, 2025 Nirmul Declaration (Dkt. No. 106), with all proposed redactions highlighted.

PX 2–5 are declarations from certain of Lead Plaintiffs' counsel and their investigators, which are submitted in support of Lead Plaintiffs' Opposition to Defendants' Motion to Dismiss the Consolidated Amended Complaint and Motion to Strike Certain Portions Thereof. Lead Plaintiffs submit these declarations in response to Defendants' Exhibits ("DX") 92–96 to the July 25, 2025 Declaration of Abhinaya Swaminathan (Dkt. No. 94), which consist of declarations from five former ASML employees ("FEs") referenced in the Complaint. The Complaint did not reveal the identities of these FEs. Accordingly, Defendants filed the public versions of DX 92–96 with these FEs' names redacted to protect their identities. Dkt. Nos. 95–96. Because PX 2–5 to the Nirmul Declaration reference the names of these same FEs, Lead Plaintiffs filed those Exhibits publicly with the FEs' names redacted to maintain the anonymity of these individuals.

Filing under seal is appropriate when needed "to preserve higher values and [] narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Here, the redaction of only the FEs' names is narrowly tailored to protect their privacy interests. *See Moshell v. Sasol Ltd.*, 2021 WL 1062015, at *1 (S.D.N.Y. Feb. 16, 2021) (granting parties' joint request for limited redactions on the basis "that the privacy interests of third parties outweigh the presumption of public access to the information . . . ."). As Defendants previously noted (*see* Dkt. No. 95), the presumption of public access is relatively low where, as here, "the public [would] be able to read and understand each document even with the redacted information." *Citgo Petroleum v. Starstone*, 2023 WL 7497858, at *2 (S.D.N.Y. Nov. 9, 2023).

For the foregoing reasons, Lead Plaintiffs respectfully request that the Court grant leave to file under seal limited portions of PX 2–5 to the October 7, 2025 Nirmul Declaration.

280 King of Prussia Road, Radnor, Pennsylvania 19087  T. 610-667-7706  F. 610-667-7056  info@ktmc.com
One Sansome Street, Suite 1850, San Francisco, California 94104  T. 415-400-3000  F. 415-400-3001  info@ktmc.com
WWW.KTMC.COM

The Hon. Naomi Reice Buchwald, U.S.D.J.
October 7, 2025
Page 2



Respectfully submitted,

*Sharan Nirmul*

Sharan Nirmul

cc: All counsel of record (VIA ECF)