**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| *In re ASML Holding N.V. Securities Litigation* |

1:24-cv-08664-NRB

**DEFENDANTS' ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT**

FRESHFIELDS US LLP
Meredith Kotler
Agnès Dunogué
Nicholas A. Caselli
Abhinaya Swaminathan
3 World Trade Center
175 Greenwich St., 51st Fl.
New York, New York 10007
Telephone: (212) 277-4000

*Attorneys for Defendants*

Defendants ASML Holding N.V. ("ASML" or the "Company"), and Roger Dassen, Christophe Fouquet, Skip Miller, and Peter Wennink (collectively, the "Individual Defendants," and together with ASML, the "Defendants"), by and through their undersigned counsel, hereby answer the Consolidated Amended Complaint, ECF 84 ("AC"), filed by Lead Plaintiffs City of Hollywood Firefighters' Pension Fund, City of Hollywood Police Officers' Retirement System, City Pension Fund for Firefighters and Police Officers in the City of Miami Beach, City Pension Fund for Firefighters and Police Officers in the City of Pembroke Pines, and Police and Fire Retirement System of the City of Detroit ("Plaintiffs") in the above-captioned action (the "Action").

The following matters are incorporated by reference into Defendants' response to each paragraph of the AC. Any allegation not expressly admitted is denied. In particular, Defendants deny any suggestion or allegation that ASML's filings with the Securities and Exchange Commission ("SEC") and Defendants' other public statements, including in earnings calls, pre-recorded video interviews, and at investor conferences, during the Class Period were false and misleading or omitted material facts and respectfully refer the Court to the filings and statements for their true and complete contents. Defendants further deny that they made any untrue statement of material fact or omitted to state a material fact necessary to make statements made not misleading. Defendants do not, by noting or admitting that the AC purports to characterize, quote, or reference particular documents, admit the truth of any assertion in the referenced documents. Moreover, headings in the AC are repeated solely for the Court's convenience and they are not substantive allegations to which an answer is required. To the extent headings in the AC require an answer, Defendants deny such allegations. To the extent footnotes in the AC are substantive allegations, then the response to the Paragraph in which the footnote is found is the Defendants'

1

response to the footnote as well. For the sake of clarity, and unless otherwise expressly stated, Defendants use the defined terms in the AC for purposes of this Answer, but, in so doing, do not concede that any such definitions are correct or proper. In collectively responding to the allegations of the AC, Defendants intend to respond only as to the allegations directed at each of them individually; and none of them should be deemed to be responding to the allegations that are directed solely at any other Defendant. To the extent an allegation in the AC is admitted herein, that should not be construed as an admission that Defendants knew a particular fact at the time that any statement alleged to be false or misleading was made. All responses are based on Defendants' current knowledge, and Defendants reserve the right to supplement or amend their responses.

On March 27, 2026, the Court issued a Memorandum & Order granting in part and denying in part Defendants' Motion to Dismiss, ECF 120 (the "Order"), which dismissed: (i) Plaintiffs' claim under Section 20A of the Securities Exchange Act of 1934, 15 U.S.C. § 78t-1 ("Exchange Act"); (ii) Plaintiffs' claims under Sections 10(b) and 20(a) of the Exchange Act and the Securities Exchange Commission's Rule 10b-5, 17 C.F.R. § 240.10b-5 ("Rule 10b-5") asserted in connection with (a) any alleged misstatement or alleged omission not specifically found actionable by the Order and also (b) the statements referenced in Paragraphs 165, 171, 175, 181, 185, 197-198, and 201-202; and (iii) Plaintiffs' claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b5(a) and (c) based on alleged scheme liability. To the extent the allegations in the AC pertain to claims dismissed by the Order (the "Dismissed Claims"), no response or assertion of defenses is required as to them. No response to any allegation or assertion of any defenses waives any portion of the dismissal of the Dismissed Claims.

Defendants reserve all rights to amend or otherwise supplement this Answer. For their specific responses to the AC, Defendants respond or state as follows:

The unnumbered paragraphs on Pages 1 and 2 of the AC purport to set forth a summary of this Action and the bases for Plaintiffs' claims, to which no response is required. To the extent a response is required to these unnumbered paragraphs, Defendants deny the allegations, including to the extent they suggest that Defendants made materially false and misleading statements or omissions, except admit that Plaintiffs purport to bring a federal securities class action against Defendants pursuant to Sections 10(b) and 20(a) of the Exchange Act and lack knowledge or information sufficient to form a belief regarding the truth of the allegations concerning Plaintiffs' investigation.

## I.    **INTRODUCTION**

1.    To the extent Paragraph 1 relates to Dismissed Claims, purports to state legal conclusions, or characterizes the bases for this Action, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1.

2.    Defendants admit the allegations in the first two sentences of Paragraph 2, deny the allegations in the third sentence except admit that ASML generates revenue through the sale and maintenance of photolithography machines and related equipment and software used by its customers in the semiconductor fabrication process as well as through the sale of other products, and respectfully refer the Court to ASML's public disclosures for a true and complete account of the matters purported to be described in Paragraph 2.

3.    Defendants deny the allegations in Paragraph 3 except admit that, broadly speaking, ASML's photolithography equipment falls into one of two categories (DUV and EUV) and such photolithography equipment allows "fabs," the factories which manufacture semiconductors and other microelectronics, to print increasingly small and efficient semiconductors used in diverse

applications, and respectfully refer the Court to ASML's public disclosures for a true and complete account of the matters purported to be described in Paragraph 3.

4.      Defendants deny the allegations in Paragraph 4, except admit that, as disclosed during ASML's Capital Markets Day in November 2022, ASML provided 2025 guidance of €30-40 billion in annual revenue and 54-56% gross margin, and that, as disclosed before and during the putative Class Period, while ASML's lithography machines required lead time to manufacture, ASML was prebuilding its inventory and preparing to be able to ship tools to customers in 2025 based on anticipated demand before receiving purchase orders; respectfully refer the Court to the referenced disclosures for their true and complete contents; and otherwise respectfully refer the Court to ASML's public disclosures for a true and complete account of the matters purported to be described in Paragraph 4.

5.      Defendants deny the allegations in Paragraph 5, except Defendants lack knowledge or information sufficient to form a belief regarding the contents of the unidentified analyst report, and otherwise respectfully refer the Court to Defendants' statements for their true and complete contents.

6.      Defendants deny the allegations in Paragraph 6 and respectfully refer the Court to ASML's public disclosures for a true and complete account of the matters purported to be described in Paragraph 6.

7.      Defendants deny the allegations in Paragraph 7, except admit that (i) the sale of EUV machines to China has been prohibited since 2019, (ii) as disclosed in ASML's relevant quarterly earnings press releases and presentations filed with the SEC, net system sales to China constituted the percentages of total system sales listed in Paragraph 7 and ASML reported total net bookings and EUV bookings, respectively, of €6.3bn and €3.4bn for 4Q22, €3.8bn and €1.6bn for

1Q23, €4.5bn and €1.6bn for 2Q23, and €2.6bn and €0.5bn for 3Q23, and (iii) as disclosed throughout the putative Class Period, the proportion of ASML's net system sales to China increased in 2023 and 2024 as ASML was able to fulfill prior, under-filled orders from customers in China given shifts in demand timing from other customers, and otherwise respectfully refer the Court to ASML's public disclosures, including its reported net system sales, total sales, and bookings figures, for a true and complete account of the matters purported to be described in Paragraph 7.

8.      Defendants deny the allegations in Paragraph 8 and, to the extent Plaintiffs purport to refer to a January 25, 2024 *Bloomberg* article, respectfully refer the Court to that article for its true and complete contents.

9.       Defendants deny the allegations in Paragraph 9 and respectfully refer the Court to the referenced Dutch government announcements and export restrictions for their true and complete contents.  To the extent Plaintiffs purport to refer to a January 25, 2024 *Bloomberg* article, Defendants respectfully refer the Court to that article for its true and complete contents.

10.     To the extent Paragraph 10 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 10, except admit that, as disclosed throughout the putative Class Period, the proportion of ASML's net system sales to China increased in 2023 and 2024 as ASML was able to fulfill prior, under-filled orders from customers in China given shifts in demand timing from other customers, and respectfully refer the Court to Defendants' statements and ASML's public disclosures, including ASML's March 8, 2023 press release regarding additional export controls announced by the Dutch government, for their true and complete contents.

11.     Defendants deny the allegations in Paragraph 11, except admit that, as was publicly disclosed, (i) Intel, TSMC, and Samsung were customers at the start of and during the putative Class Period; and (ii) the proportion of ASML's net system sales to China increased in 2023 and 2024 as ASML was able to fulfill prior, under-filled orders from customers in China given shifts in demand timing from other customers, and otherwise respectfully refer the Court to the text of Defendant Miller's December 2022 statements for their true and complete contents and to ASML's public disclosures for a true and complete account of the matters purported to be described in Paragraph 11.

12.     To the extent Paragraph 12 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 12 and respectfully refer the Court to the text of Defendants' referenced statements for their true and complete contents.

13.     To the extent Paragraph 13 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 13 and respectfully refer the Court to the Company's 3Q 2024 earnings press release filed with the SEC and the text of Defendants' statements in the Company's 3Q 2024 earnings call for their true and complete contents.

14.     Defendants deny the allegations in Paragraph 14 and respectfully refer the Court to the analyst reports for their true and complete contents.

15.     To the extent Paragraph 15 purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 15 and respectfully refer the Court to public market sources for a true and accurate record of ASML's stock price on the relevant days.

16.    Defendants deny the allegations in Paragraph 16 and respectfully refer the Court to public filings with the Dutch Authority for Financial Markets ("AFM") for a true and complete record of transactions in ASML stock reported by Defendants.

## II.    JURISDICTION AND VENUE

17.    Paragraph 17 purports to characterize Plaintiffs' claims or state legal conclusions, to which no response is required. To the extent Paragraph 17 relates to Dismissed Claims, no response is required as to such claims. To the extent a response is required, Defendants deny the allegations.

18.    Paragraph 18 purports to state legal conclusions and no response is required. To the extent Paragraph 18 relates to Dismissed Claims, no response is required as to such claims.  To the extent a response is required, Defendants admit that Plaintiffs purport to base jurisdiction on the statutory provisions cited in Paragraph 18.

19.    Paragraph 19 purports to state legal conclusions and no response is required. To the extent Paragraph 19 relates to Dismissed Claims, no response is required as to such claims. To the extent a response is required, Defendants deny the allegations in Paragraph 19, except admit that Plaintiffs purport to base venue on the statutory provision cited in Paragraph 19.

20.    Paragraph 20 purports to state legal conclusions and no response is required. To the extent Paragraph 20 relates to Dismissed Claims, no response is required as to such claims.  To the extent a response is required, Defendants deny the allegations in Paragraph 20.

## III.    PARTIES

21.    To the extent Paragraph 21 contains Plaintiffs' characterization of the Action, no response is required. To the extent a response is required, Defendants deny that Hollywood Firefighters purchased ASML securities on U.S. exchanges and in domestic transactions at

artificially inflated prices during the putative Class Period and was damaged thereby and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning Hollywood Firefighters in Paragraph 21, and otherwise respectfully refer the Court to the referenced certification for its true and complete contents.

22.    To the extent Paragraph 22 contains Plaintiffs' characterization of the Action, no response is required. To the extent a response is required, Defendants deny that Hollywood Police purchased ASML securities on U.S. exchanges and in domestic transactions at artificially inflated prices during the putative Class Period and was damaged thereby and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning Hollywood Police in Paragraph 22, and otherwise respectfully refer the Court to the referenced certification for its true and complete contents.

23.    To the extent Paragraph 23 contains Plaintiffs' characterization of the Action, no response is required. To the extent a response is required, Defendants deny that Miami F&P purchased ASML securities on U.S. exchanges and in domestic transactions at artificially inflated prices during the putative Class Period and was damaged thereby and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning Miami F&P in Paragraph 23, and otherwise respectfully refer the Court to the referenced certification for its true and complete contents.

24.    To the extent Paragraph 24 contains Plaintiffs' characterization of the Action, no response is required. To the extent a response is required, Defendants deny that Pembroke Pines F&P purchased ASML securities on U.S. exchanges and in domestic transactions at artificially inflated prices during the putative Class Period and was damaged thereby and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning

8

Pembroke Pines F&P in Paragraph 24, and otherwise respectfully refer the Court to the referenced certification for its true and complete contents.

25.    To the extent Paragraph 25 contains Plaintiffs' characterization of the Action, no response is required. To the extent a response is required, Defendants deny that Detroit F&P purchased ASML securities on U.S. exchanges and in domestic transactions at artificially inflated prices during the putative Class Period and was damaged thereby and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning Detroit F&P in Paragraph 25, and otherwise respectfully refer the Court to the referenced certification for its true and complete contents.

26.    Defendants admit the allegations in Paragraph 26 and respectfully refer the Court to ASML's public disclosures for a true and complete account of the matters purported to be described in Paragraph 26.

27.    Defendants deny the allegations in Paragraph 27, except admit that Defendant Fouquet served as the Company's Chief Business Officer from July 15, 2022 through April 24, 2024, has served on the Company's Board of Management since April 25, 2018, and has served as the Company's President and Chief Executive Officer since April 24, 2024, and respectfully refer the Court to ASML's public disclosures and Defendant Fouquet's public filings with the AFM for a true and complete account of the matters purported to be described in Paragraph 27.

28.    Defendants deny the allegations in Paragraph 28, except admit that Defendant Dassen has served as the Company's Executive Vice President and Chief Financial Officer since June 1, 2018, and respectfully refer the Court to ASML's public disclosures and Defendant Dassen's public filings with the AFM for a true and complete account of the matters purported to be described in Paragraph 28.

9

29.    Defendants deny the allegations in Paragraph 29, except admit that Defendant Wennink served as the Company's President and Chief Executive Officer from July 1, 2013 until April 24, 2024, and previously served as its CFO from July 1, 1999 through July 1, 2013, and respectfully refer the Court to ASML's public disclosures for a true and complete account of the matters purported to be described in Paragraph 29.

30.    Defendants deny the allegations in Paragraph 30, except admit that Defendant Miller held various titles during his tenure at ASML since 2002, served as Head of Investor Relations during the putative Class Period, and retired from ASML on August 8, 2025, and respectfully refer the Court to ASML's public disclosures for a true and complete account of the matters purported to be described in Paragraph 30.

31.    To the extent Paragraph 31 purports to characterize Plaintiffs' allegations, no response is required.  To the extent a response is required, Defendants admit that Paragraph 31 purports to define the terms "Individual Defendants" and "Defendants" for purposes of the AC.

32.    Paragraph 32 purports to state legal conclusions and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 32.

## IV.    SUMMARY OF THE FRAUD

### A.    Background

33.    Defendants deny the allegations in Paragraph 33, except admit that ASML is a Dutch corporation with its principal executive offices in Veldhoven and is a leading supplier for the semiconductor industry and the sole supplier in the world of EUV ultraviolet lithography machines, that ASML acquired Cymer Light Sources ("Cymer") in 2013, and that Cymer is an independently operated business within ASML that develops, manufactures, and services DUV light sources. Defendants otherwise respectfully refer the Court to the referenced Morningstar

report for its true and complete contents and ASML's public disclosures for a true and complete account of the matters purported to be described in Paragraph 33.

34.    Defendants deny the allegations in Paragraph 34, except admit that ASML sells DUV and EUV lithography systems, and that the Company has produced multiple generations of lithography equipment that enable printing ever smaller circuits, and otherwise respectfully refer the Court to the ASML's public disclosures for a true and complete account of the matters purported to be described in Paragraph 34.

35.    Defendants deny the allegations in Paragraph 35, except admit that EUV systems can print smaller features onto a semiconductor compared to DUV systems, and otherwise respectfully refer the Court to ASML's public disclosures for a true and complete account of the matters purported to be described in Paragraph 35.

36.    Defendants admit the allegations in Paragraph 36 and respectfully refer the Court to ASML's public disclosures for a true and complete account of the matters purported to be described in Paragraph 36.

37.    Defendants deny the allegations in Paragraph 37, except admit that, as disclosed before and during the putative Class Period, while ASML's lithography machines required lead time to manufacture, ASML was prebuilding its inventory and preparing to be able to ship tools to customers in 2025 based on anticipated demand before receiving purchase orders, and otherwise respectfully refer the Court to ASML's public disclosures for their true and complete contents and for a true and complete account of the matters purported to be described in Paragraph 37.

**B.    Tighter Export Restrictions For China Implemented Before The Start Of The Class Period Threaten The Company's Promised Growth**

38.    Defendants deny the allegations in Paragraph 38, except admit that, as disclosed during ASML's Capital Markets Day in November 2022, ASML provided 2025 guidance of €30-

40 billion in annual revenue and 54-56% gross margin, and otherwise respectfully refer the Court to ASML's public disclosures for their true and complete contents.

39.     Defendants deny the allegations in Paragraph 39, except admit that the sale of EUV machines to China has been prohibited since 2019 and that, as disclosed in ASML's FY 2022 earnings presentation filed with the SEC, China represented approximately 14% of ASML's net system sales in 2022, and otherwise respectfully refer the Court to ASML's public disclosures for a true and complete account of the matters purported to be described in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40 and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 regarding the actions of the U.S., and otherwise respectfully refer the Court to ASML's public disclosures for a true and complete account of the matters purported to be described in Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41 and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 regarding the actions of the U.S., and otherwise respectfully refer the Court to ASML's public disclosures for their true and complete contents and for a true and complete account of the matters purported to be described in Paragraph 41.

42.     Defendants deny the allegations in Paragraph 42, except admit that the global semiconductor industry experienced a downturn in 2023 and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 regarding U.S. officials' expectations, and otherwise respectfully refer the Court to ASML's public disclosures for a true and complete account of the matters purported to be described in Paragraph 42.

43.     Defendants deny the allegations in Paragraph 43 and respectfully refer the Court to the referenced Dutch government announcements and export restrictions and to ASML's public

12

disclosures, including ASML's March 8, 2023 press release regarding additional export controls announced by the Dutch government, for their true and complete contents.

44. Defendants deny the allegations in Paragraph 44, except admit that, as disclosed throughout the putative Class Period, the proportion of ASML's net system sales to China increased in 2023 and 2024 as ASML was able to fulfill prior, under-filled orders from customers in China given shifts in demand timing from other customers, and otherwise respectfully refer the Court to ASML's public disclosures for a true and complete account of the matters purported to be described in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45, except admit that certain language quoted in Paragraph 45 is included in the referenced FT article and respectfully refer the Court to the FT article for its true and complete contents.

46. Defendants deny the allegations in Paragraph 46, except admit that certain language quoted in Paragraph 46 is included in the referenced analyst reports and respectfully refer the Court to the analyst reports for their true and complete contents.

47. Defendants deny the allegations in Paragraph 47 and respectfully refer the Court to the text of Defendant Miller's statements on September 6, 2023 for their true and complete contents.

48. Defendants deny the allegations in Paragraph 48 and respectfully refer the Court to ASML's October 17, 2023 press release and the text of Defendants' statements in the Company's 3Q 2023 earnings call for their true and complete contents.

49. Defendants deny the allegations in Paragraph 49, except admit that certain language quoted in Paragraph 49 is included in the referenced analyst reports and respectfully refer the Court to the analyst reports for their true and complete contents.

50.    Defendants deny the allegations in Paragraph 50, except admit that certain language quoted in Paragraph 50 is included in the referenced CrispIdea report and respectfully refer the Court to the CrispIdea report for its true and complete contents.

51.    Defendants deny the allegations in Paragraph 51, except admit that, as disclosed, Intel, Samsung, and TSMC are customers of ASML, and respectfully refer the Court to the text of Defendant Miller's December 2022 statements for their true and complete contents and to ASML's public disclosures for a true and complete account of the matters purported to be described in Paragraph 51.

52.    Defendants deny the allegations in Paragraph 52 and respectfully refer the Court to the referenced public reporting and disclosures by Intel for their true and complete contents.

**C.    The Class Period Begins**

53.    The first sentence of Paragraph 53 purports to characterize the putative Class Period, to which no response is required.  To the extent Paragraph 53 relates to Dismissed Claims, no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 53, except admit that, as disclosed in the Company's 4Q 2023 and full-year 2023 earnings press release filed with the SEC, ASML reported €27.6bn in revenue and gross margin of 51.4% for 2023 and total net bookings of €9.2bn and EUV bookings of €5.6bn for 4Q 2023, and otherwise respectfully refer the Court to the referenced earnings press release for its true and complete contents.

54.    To the extent Paragraph 54 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 54 and respectfully refer the Court to ASML's public disclosures and the text of Defendant Wennink's statements in the Company's 4Q 2023 and full-year 2023 earnings call for their true and complete contents.

14

55.    To the extent Paragraph 55 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 55 and respectfully refer the Court to the text of Defendant Dassen's statements in the Company's 4Q 2023 and full-year 2023 earnings call for their true and complete contents.

56.    Defendants deny the allegations in Paragraph 56 and respectfully refer the Court to Defendants' statements, including the text of Defendants' statements in the Company's 4Q 2023 and full-year 2023 earnings call, for their true and complete contents.

57.    To the extent Paragraph 57 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 57 and respectfully refer the Court to the text of Defendant Wennink's statements in the Company's 3Q 2023 earnings call and 4Q 2023 and full-year 2023 earnings call for their true and complete contents.

58.    To the extent Paragraph 58 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 58 and respectfully refer the Court to the text of Defendant Wennink's statements in the Company's 4Q 2023 and full-year 2023 earnings call for their true and complete contents.

59.    To the extent Paragraph 59 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 59 and respectfully refer the Court to the text of Defendant Wennink's statements in the Company's 4Q 2023 and full-year 2023 earnings call for their true and complete contents.

60.    To the extent Paragraph 60 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 60 and

15

respectfully refer the Court to the text of Defendant Wennink's statements in the Company's 4Q 2023 and full-year 2023 earnings call for their true and complete contents.

61. Defendants deny the allegations in Paragraph 61, except admit that certain language quoted in Paragraph 61 is included in the referenced analyst reports and respectfully refer the Court to the analyst reports for their true and complete contents.

62. Defendants deny the allegations in Paragraph 62, except admit that: (i) the referenced Raymond James report included the price target and certain language quoted and estimated FY25 revenue of €32.16bn; (ii) the referenced UBS report included the price target and certain language quoted and estimated FY25 revenue of €33.48; (iii) the referenced Jefferies report included certain language quoted; (iv) the referenced Mizuho report included certain language quoted and estimated FY25 revenue of €33.31bn; and (v) the referenced Société Generale report included certain language quoted and estimated FY25 revenue of €33.6bn, and otherwise respectfully refer the Court to the analyst reports for their true and complete contents.

63. Defendants deny the allegations in Paragraph 63, except admit that certain language quoted in Paragraph 63 is included in the referenced analyst reports and respectfully refer the Court to the analyst reports for their true and complete contents.

### D. As The Class Period Continues, Public Reporting Suggests Adverse Developments For ASML—But Defendants Steadfastly Assure Otherwise

64. Defendants deny the allegations in Paragraph 64, except admit that certain language quoted in Paragraph 64 is included in the referenced *Bloomberg* article and respectfully refer the Court to the *Bloomberg* article for its true and complete contents.

65. Defendants deny the allegations in Paragraph 65, except admit that (i) on January 18, 2024, TSMC publicly announced that its Arizona fab was expected to start operations in 2027 or 2028, later than previously announced 2026-start, but that another fab in Japan was on track to

16

start production in late 2024; and (ii) on February 1, 2024, Intel publicly announced that its Ohio plant was expected to be complete in 2026, rather than 2025, noting that construction had been underway since late 2022 and that Intel remained committed to the project, and otherwise respectfully refer the Court to the referenced announcements by Intel and TSMC for their true and complete contents.

66.    Defendants deny the allegations in Paragraph 66, except admit that certain language quoted in Paragraph 66 is included in the referenced JP Morgan report and respectfully refer the Court to the JP Morgan report for its true and complete contents.

67.    Defendants deny the allegations in Paragraph 67, except admit that the referenced analyst reports included the price targets and certain language quoted in Paragraph 67, and otherwise respectfully refer the Court to the analyst reports for their true and complete contents.

68.    Defendants deny the allegations in Paragraph 68, except admit that (i) the referenced March 14, 2024 *Reuters* article reported that Intel had "given up or postponed" a project in Italy that had never been finalized unlike other projects planned in Germany; (ii) on April 2, 2024, Intel announced an operating loss to its foundry business in 2023, attributed in part to not embracing ASML's EUV tools earlier and that Intel had first begun transitioning to using EUV tools in 2024, after a prior announcement by Intel that it planned to spend $100bn on building and expanding fabs; and (iii) the referenced April 16, 2024 *Register* article reported on rising construction costs in Intel's Arizona and Ohio fabs but noted that Intel had reopened or planned upgrades to several other U.S. fabs, invested heavily in upgrades to its Irish fabs, and announced new fab sites in Germany and Israel, and otherwise respectfully refer the Court to the news articles and announcements by Intel for their true and complete contents.

69.    Defendants deny the allegations in Paragraph 69, except admit that, as disclosed in the Company's 1Q 2024 earnings press release filed with the SEC, ASML reported €3.611bn in bookings for that period, and otherwise respectfully refer the Court to the Company's 1Q 2024 earnings press release and the text of Defendants' statements in the Company's 1Q 2024 earnings call for their true and complete contents.

70.    To the extent Paragraph 70 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 70 and respectfully refer the Court to the text of Defendant Dassen's statements in the Company's 1Q 2024 earnings call for their true and complete contents.

71.    To the extent Paragraph 71 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 71 and respectfully refer the Court to the text of Defendants Dassen's and Fouquet's statements in the Company's 1Q 2024 earnings call for their true and complete contents.

72.    Defendants deny the allegations in Paragraph 72 and respectfully refer the Court to the text of Defendant Dassen's statements in the Company's 1Q 2024 earnings call for their true and complete contents.

73.    To the extent Paragraph 73 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 73 and respectfully refer the Court to the text of Defendants Dassen's and Fouquet's statements in the Company's 1Q 2024 earnings call for their true and complete contents.

74.    Defendants deny the allegations in Paragraph 74, except admit that certain language quoted in Paragraph 74 is included in the referenced analyst report and respectfully refer the Court to the analyst report for its true and complete contents.

75.     Defendants deny the allegations in Paragraph 75, except admit that certain language quoted in Paragraph 75 is included in the referenced analyst report and respectfully refer the Court to the analyst report for its true and complete contents.

76.     Defendants deny the allegations in Paragraph 76, except admit that certain language quoted in Paragraph 76 is included in the referenced analyst report and respectfully refer the Court to the analyst report for their true and complete contents.

77.     Defendants deny the allegations in Paragraph 77, except admit that certain language quoted in Paragraph 77 is included in the referenced analyst reports and respectfully refer the Court to the analyst reports for their true and complete contents.

78.     Defendants deny the allegations in Paragraph 78, except admit that certain language quoted in Paragraph 78 is included in the referenced analyst reports and respectfully refer the Court to the analyst reports for their true and complete contents.

79.     Defendants deny the allegations in Paragraph 79, except admit that (i) during its April 30, 2024 earnings call, Samsung announced that it anticipated mass production at its Texas fab to begin in 2026; (ii) the referenced *TrendForce* article included certain language quoted; and (iii) the referenced *The Register* article reported that construction on Intel's Israel fab had been paused but noted that Intel had committed to spending $100bn to expand its foundry business, and otherwise respectfully refer the Court to the Samsung announcement and news articles for their true and complete contents.

80.     Defendants deny the allegations in Paragraph 80, except admit that certain language quoted in Paragraph 80 is included in the referenced *Reuters* article and respectfully refer the Court to the *Reuters* article for its true and complete contents.

81.     Defendants deny the allegations in Paragraph 81, except admit that, as disclosed in the Company's 2Q 2024 earnings press release filed with the SEC, ASML reported €5.6 billion in bookings for that period and that certain language quoted in Paragraph 81 is included in the earnings press release, and otherwise respectfully refer the Court to the Company's 2Q 2024 earnings press release for its true and complete contents.

82.     To the extent Paragraph 82 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 82 and respectfully refer the Court to the text of Defendants Dassen's and Fouquet's statements in the Company's 2Q 2024 earnings call for their true and complete contents.

83.     To the extent Paragraph 83 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 83 and respectfully refer the Court to the text of Defendants Dassen's and Fouquet's statements in the Company's 2Q 2024 earnings call for their true and complete contents.

84.     To the extent Paragraph 84 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 84 and respectfully refer the Court to the text of Defendant Fouquet's statements in the Company's 2Q 2024 earnings call for their true and complete contents.

85.     Defendants deny the allegations in Paragraph 85 and respectfully refer the Court to the text of Defendant Dassen's statements in the Company's 2Q 2024 earnings call for their true and complete contents.

86.     Defendants deny the allegations in Paragraph 86, except admit that certain language quoted in Paragraph 86 is included in the referenced analyst report and respectfully refer the Court to the analyst report for its true and complete contents.

87.    Defendants deny the allegations in Paragraph 87, except admit that certain language quoted in Paragraph 87 is included in the referenced analyst reports and respectfully refer the Court to the analyst reports for their true and complete contents.

88.    Defendants deny the allegations in Paragraph 88, except admit that certain language quoted in the third and fifth sentences of Paragraph 88 is included in the text of statements made during Samsung's 1Q and 2Q 2024 earnings calls, and otherwise respectfully refer the Court to the referenced disclosures by Samsung and public reporting for their true and complete contents.

89.    Defendants deny the allegations in Paragraph 89, except admit that Intel announced reductions to its capital expenditures for 2024 and 2025 during its earnings call on August 1, 2024, and otherwise respectfully refer the Court to the text of statements made at the referenced Intel earnings call for their true and complete contents.

90.    To the extent Paragraph 90 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 90 and respectfully refer the Court to the text of Defendant Miller's statements at the August 5, 2024 KeyBanc conference for their true and complete contents.

91.    Defendants deny the allegations in Paragraph 91 and respectfully refer the Court to the text of Defendant Miller's statements at the August 5, 2024 KeyBanc conference for their true and complete contents.

92.    To the extent Paragraph 92 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 92 and respectfully refer the Court to the text of Defendant Miller's statements at the August 5, 2024 KeyBanc conference for their true and complete contents.

93.    Defendants deny the allegations in Paragraph 93, except admit that the referenced Barclays report included certain language quoted in Paragraph 93 and estimated a bear case of €28bn in FY25 revenue based on EUV pushouts and more stringent export controls, and otherwise respectfully refer the Court to the analyst report for its true and complete contents.

94.    Defendants deny the allegations in Paragraph 94, except admit that certain language quoted in Paragraph 94 is included in the referenced analyst report and respectfully refer the Court to the analyst report for its true and complete contents.

95.    Defendants deny the allegations in Paragraph 95, except admit that certain language quoted in Paragraph 95 is included in the referenced news article and respectfully refer the Court to the news article for its true and complete contents.

96.    Defendants deny the allegations in Paragraph 96, except admit that certain language quoted in Paragraph 96 is included in the referenced analyst report and respectfully refer the Court to the analyst report for its true and complete contents.

97.    Defendants deny the allegations in Paragraph 97, except admit that certain language quoted in Paragraph 97 is included in the referenced analyst report and respectfully refer the Court to the analyst report for its true and complete contents.

**E.    Unknown To Investors, Defendants Knew And Concealed Adverse Facts**

**1.    Defendants Knew—But Concealed From Investors—Adverse Facts Indicating That Leading-Edge Customers Would Cancel Or Postpone Orders**

98.    Defendants deny the allegations in Paragraph 98.

99.    Based on information and belief, and as reflected in FE 1's sworn declaration, ECF 94-92, Defendants deny that the allegations in Paragraph 99 present a true and complete account of statements made by FE 1 to Plaintiffs' representatives.    Defendants otherwise deny the allegations in Paragraph 99, except admit that FE 1 was employed by Cymer as a Field Service

22

Engineer from January 17, 2022 to September 9, 2024, and that as publicly reported during the putative Class Period, the construction timeline for Intel's Ohio fab experienced delays.

100. Based on information and belief, and as reflected in FE 1's sworn declaration, ECF 94-92, Defendants deny that the allegations in Paragraph 100 present a true and complete account of statements made by FE 1 to Plaintiffs' representatives. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations regarding the intentions and activities of entities other than ASML and otherwise deny the remaining allegations in Paragraph 100, except admit that, as publicly reported during the putative Class Period, the construction timeline for Intel's Ohio fab experienced delays.

101. Based on information and belief, and as reflected in FE 1's sworn declaration, ECF 94-92, Defendants deny that the allegations in Paragraph 101 present a true and complete account of statements made by FE 1 to Plaintiffs' representatives. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations regarding the intentions and activities of entities other than ASML and otherwise deny the remaining allegations in Paragraph 101.

102. Defendants lack knowledge or information sufficient to form a belief as to whether FE 2 made the statements attributed to him in the AC. Defendants otherwise deny the allegations in Paragraph 102, except admit that Cymer is an independently operated business within ASML that develops, manufactures, and services DUV light sources.

103. Defendants lack knowledge or information sufficient to form a belief as to whether FE 2 made the statements attributed to him in the AC. Defendants otherwise deny the allegations in Paragraph 103.

104.    Defendants lack knowledge or information sufficient to form a belief as to whether FE 2 made the statements attributed to him in the AC.  Defendants otherwise deny the allegations in Paragraph 104.

105.    Defendants lack knowledge or information sufficient to form a belief as to whether FE 2 made the statements attributed to him in the AC.  Defendants otherwise deny the allegations in Paragraph 105.

106.    Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations as to whether FE 2 made the statements attributed to him in the AC.  Defendants otherwise deny the allegations in Paragraph 106.

107.    Defendants lack knowledge or information sufficient to form a belief as to whether FE 2 made the statements attributed to him in the AC.  Defendants otherwise deny the allegations in Paragraph 107.

108.    Based on information and belief, and as reflected in FE 3's sworn declaration, ECF 94-93, Defendants deny that the allegations in Paragraph 108 present a true and complete account of statements made by FE 3 to Plaintiffs' representatives.  Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations regarding the alleged reasons for activities of entities other than ASML, and otherwise deny the allegations in Paragraph 108, except admit that FE 3 was employed by Cymer as a Field Service Engineer from August 8, 2022 to October 20, 2023.

109.    Based on information and belief, and as reflected in FE 3's sworn declaration, ECF 94-93, Defendants deny that the allegations in Paragraph 109 present a true and complete account of statements made by FE 3 to Plaintiffs' representatives.  Defendants otherwise deny the allegations in Paragraph 109.

110. Based on information and belief, and as reflected in FE 3's sworn declaration, ECF 94-93, Defendants deny that the allegations in Paragraph 110 present a true and complete account of statements made by FE 3 to Plaintiffs' representatives. Defendants otherwise deny the allegations in Paragraph 110.

111. Defendants lack knowledge or information sufficient to form a belief as to whether FE 4 made the statements attributed to him in the AC. Defendants otherwise deny the allegations in Paragraph 111.

112. Based on information and belief, and as reflected in FE 5's sworn declaration, ECF 94-94, Defendants deny that the allegations in Paragraph 112 present a true and complete account of statements made by FE 5 to Plaintiffs' representatives. Defendants otherwise deny the allegations in Paragraph 112, except admit that FE 5 was employed by ASML as a Technical Project Lead from February 6, 2023 to April 8, 2024.

113. Based on information and belief, and as reflected in FE 5's sworn declaration, ECF 94-94, Defendants deny that the allegations in Paragraph 113 present a true and complete account of statements made by FE 5 to Plaintiffs' representatives. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations regarding the intentions of entities other than ASML and otherwise deny the allegations in Paragraph 113.

114. Based on information and belief, and as reflected in FE 5's sworn declaration, ECF 94-94, Defendants deny that the allegations in Paragraph 114 present a true and complete account of statements made by FE 5 to Plaintiffs' representatives. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations regarding the alleged reasons for activities of entities other than ASML and otherwise deny the allegations in Paragraph 114.

115.    Based on information and belief, and as reflected in FE 5's sworn declaration, ECF 94-94, Defendants deny that the allegations in Paragraph 115 present a true and complete account of statements made by FE 5 to Plaintiffs' representatives.    Defendants otherwise deny the allegations in Paragraph 115.

116.    Based on information and belief, and as reflected in FE 5's sworn declaration, ECF 94-94, Defendants deny that the allegations in Paragraph 116 present a true and complete account of statements made by FE 5 to Plaintiffs' representatives.    Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations regarding the intentions of entities other than ASML and otherwise deny the allegations in Paragraph 116, except admit that certain language quoted in the third and fifth sentences of Paragraph 116 is included in the text of statements made at Samsung's 1Q and 2Q 2024 earnings calls, and otherwise respectfully refer the Court to the referenced disclosures by Samsung and public reporting for their true and complete contents.

117.    Based on information and belief, and as reflected in FE 6's sworn declaration, ECF 94-95, Defendants deny that the allegations in Paragraph 117 present a true and complete account of statements made by FE 6 to Plaintiffs' representatives, including as to his alleged role and responsibilities while at ASML.    Defendants otherwise deny the allegations in Paragraph 117, except admit that FE 6 was employed by ASML Technology Taiwan Ltd. as an Upgrade Install and Relocation Engineer from August 29, 2022 to June 7, 2024.

118.    Based on information and belief, and as reflected in FE 6's sworn declaration, ECF 94-95, Defendants deny that the allegations in Paragraph 118 present a true and complete account of statements made by FE 6 to Plaintiffs' representatives.    Defendants otherwise deny the allegations in Paragraph 118.

26

**2.    Defendants Knew—But Concealed From Investors—That The Company's China-Based Performance Was Unsustainable And Would Normalize Rapidly**

119.    To the extent Paragraph 119 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 119, except admit that, as disclosed throughout the putative Class Period, the proportion of ASML's net system sales to China increased in 2023 and 2024 as ASML was able to fulfill prior, under-filled orders from customers in China given shifts in demand timing from other customers, and otherwise respectfully refer the Court to Defendants' statements for their true and complete contents.

120.    Defendants deny the allegations in Paragraph 120 and respectfully refer the Court to the text of Defendant Miller's statements at the December 4, 2024 UBS conference for their true and complete contents.

121.    Defendants deny the allegations in Paragraph 121 and respectfully refer the Court to Defendants' statements for their true and complete contents.

122.    Defendants deny the allegations in Paragraph 122, except admit that, as disclosed in the Company's earnings press release for 3Q 2024, ASML reported total bookings of €2.6bn and EUV bookings of €1.4bn for that quarter, and otherwise respectfully refer the Court to Defendants' statements and the Company's quarterly earnings press releases for 2Q and 3Q 2024 filed with the SEC for their true and complete contents.

123.    To the extent Paragraph 123 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 123 and respectfully refer the Court to the text of Defendant Miller's statements at the December 4, 2024 UBS conference for their true and complete contents.

124.    To the extent Paragraph 124 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 124 and

respectfully refer the Court to Defendants' statements, including the text of Defendant Dassen's statements in the Company's 1Q 2024 earnings call and Defendant Wennink's statements during the referenced July 2024 radio interview, for their true and complete contents.

125.    To the extent Paragraph 125 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 125 and respectfully refer the Court to ASML's 2024 Annual Report filed with the SEC and to the text of Defendant Miller's statements at the August 5, 2024 KeyBanc conference for their true and complete contents.

126.    To the extent Paragraph 126 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 126, except admit that, as disclosed before and during the putative Class Period, while ASML's lithography machines required lead time to manufacture, ASML was prebuilding its inventory and preparing to be able to ship tools to customers in 2025 based on anticipated demand before receiving purchase orders, and otherwise respectfully refer the Court to the text of Defendant Miller's statements at the August 5, 2024 KeyBanc conference for their true and complete contents and to ASML's public disclosures for a true and complete account of the matters purported to be described in Paragraph 126.

127.    To the extent Paragraph 127 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 127 and respectfully refer the Court to Defendants' referenced statements, including the text of Defendants' statements in the Company's 3Q 2024 earnings call, for their true and complete contents and incorporate-by-reference their responses to the allegations in Paragraphs 273 and 274.

28

F.    **Knowing That 2025 Results Will Miss Guidance, Defendants Engage In Insider Sales And Selectively Disclose Information**

128.    To the extent Paragraph 128 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 128.

129.    To the extent Paragraph 129 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 129, except admit that certain language quoted in Paragraph 129 is included in the referenced *Bloomberg* article and respectfully refer the Court to the *Bloomberg* article for its true and complete contents.

130.    To the extent Paragraph 130 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 130 and respectfully refer the Court to public filings with the AFM for a true and complete record of transactions in ASML stock reported by Defendant Dassen.

131.    To the extent Paragraph 131 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 131 and respectfully refer the Court to public filings with the AFM for a true and complete record of transactions in ASML stock reported by Defendant Dassen and to Defendants' statements for their true and complete contents.

132.    To the extent Paragraph 132 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 132 and respectfully refer the Court to the text of Defendant Fouquet's statements at the September 4, 2024 Citi conference for their true and complete contents.

133.    To the extent Paragraph 133 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 133, except

29

admit that (i) the referenced Haitong report included certain language quoted and noted that orders from customers in China appeared consistent with ASML management's comment that they were 20% of ASML's backlog, and (ii) the referenced Mizuho report included certain language quoted and estimated FY25 revenue of €33.55bn, and otherwise respectfully refer the Court to the analyst reports for their true and complete contents.

134.    To the extent Paragraph 134 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 134, except admit that the referenced September 11, 2024 ABN-AMRO report included FY25 revenue forecast of €34.7bn, and otherwise respectfully refer the Court to the referenced ABN-AMRO report and the text of Defendant Miller's statements at the August 5, 2024 KeyBanc conference for their true and complete contents.

135.    Defendants deny the allegations in Paragraph 135 and respectfully refer the Court to the referenced Citi report and to Defendants' statements for their true and complete contents.

136.    Defendants deny the allegations in Paragraph 136 and respectfully refer the Court to the referenced Citi report and to Defendants' statements for their true and complete contents.

137.    To the extent Paragraph 137 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 137, except admit that the referenced Barclays report included certain language quoted and estimated FY25 revenue of €33.5bn, and otherwise respectfully refer the Court to the Barclays report for its true and complete contents.

### G.    The Relevant Truth Is Revealed

138.    Defendants deny the allegations in Paragraph 138, except admit that in the Company's 3Q 2024 earnings press release filed with the SEC, ASML reported quarterly bookings of €2.63 billion and narrowed its 2025 net sales guidance to €30 billion and €35 billion from the

broader previously provided guidance range of €30 billion to €40 billion, and otherwise respectfully refer the Court to the referenced earnings press release for its true and complete contents.

139.    To the extent Paragraph 139 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 139, except admit that in the Company's 3Q 2024 earnings press release filed with the SEC, ASML guided 2025 gross margin between 51% and 53%, and otherwise respectfully refer the Court to the referenced earnings press release for its true and complete contents.

140.    Defendants deny the allegations in Paragraph 140 and respectfully refer the Court to the text of Defendants' statements in the Company's 3Q 2024 earnings call for their true and complete contents.

141.    Defendants deny the allegations in Paragraph 141, except admit that certain language quoted in Paragraph 141 is included in the referenced analyst reports and respectfully refer the Court to the analyst reports for their true and complete contents.

142.    Defendants deny the allegations in Paragraph 142, except admit that certain language quoted in Paragraph 142 is included in the referenced analyst reports and respectfully refer the Court to the analyst reports for their true and complete contents.

143.    Defendants deny the allegations in Paragraph 143, except admit that certain language quoted in Paragraph 143 is included in the referenced analyst reports and respectfully refer the Court to the analyst reports for their true and complete contents.

144.    To the extent Paragraph 144 purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 144

and respectfully refer the Court to public market sources for a true and accurate record of the stock price on the relevant days.

145. Defendants deny the allegations in Paragraph 145 and respectfully refer the Court to the text of Defendants' statements in the Company's 3Q 2024 earnings call for their true and complete contents.

146. Defendants deny the allegations in Paragraph 146 and respectfully refer the Court to the text of Defendant Dassen's statements in the Company's 3Q 2024 earnings call for their true and complete contents.

147. Defendants deny the allegations in Paragraph 147 and respectfully refer the Court to the text of Defendant Dassen's statements in the Company's 3Q 2024 earnings call for their true and complete contents.

148. To the extent Paragraph 148 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 148 and respectfully refer the Court to the text of Defendant Dassen's statements in the Company's 3Q 2024 earnings call for their true and complete contents.

149. Defendants deny the allegations in Paragraph 149, except admit that certain language quoted in Paragraph 149 is included in the referenced Wolfe Research report and respectfully refer the Court to the Wolfe Research report for its true and complete contents.

150. Defendants deny the allegations in Paragraph 150, except admit that certain language quoted in Paragraph 150 is included in the referenced Wolfe Research report and respectfully refer the Court to the Wolfe Research report for its true and complete contents.

151.    Defendants deny the allegations in Paragraph 151, except admit that certain language quoted in Paragraph 151 is included in the referenced Cantor Fitzgerald report and respectfully refer the Court to the Cantor Fitzgerald report for its true and complete contents.

152.    Defendants deny the allegations in Paragraph 152, except admit that certain language quoted in Paragraph 152 is included in the referenced BofA report and respectfully refer the Court to the BofA report for its true and complete contents.

153.    Defendants deny the allegations in Paragraph 153, except admit that certain language quoted in Paragraph 153 is included in the referenced Mizuho report and respectfully refer the Court to the Mizuho report for its true and complete contents.

154.    Defendants deny the allegations in Paragraph 154, except admit that certain language quoted in Paragraph 154 is included in the referenced ING report and respectfully refer the Court to the ING report for its true and complete contents.

155.    Defendants deny the allegations in Paragraph 155, except admit that certain language quoted in Paragraph 155 is included in the referenced Citi report and respectfully refer the Court to the Citi report for its true and complete contents.

156.    To the extent Paragraph 156 purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 156 and respectfully refer the Court to public market sources for a true and accurate record of the stock price on the relevant days.

**H.      Post-Class Period Events Further Confirm The Fraud**

157.    To the extent Paragraph 157 purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 157.

158. Defendants deny the allegations in Paragraph 158 and respectfully refer the Court to the to the text of Defendants Miller's statements at the December 4, 2024 UBS conference for their true and complete contents.

159. Defendants deny the allegations in Paragraph 159, except admit that certain language quoted in Paragraph 159 is included in the referenced reports and respectfully refer the Court to the reports for their true and complete contents.

160. Defendants deny the allegations in Paragraph 160, except admit that certain language quoted in Paragraph 160 is included in the referenced Semiconductor Deep Dive Newsletter and respectfully refer the Court to the Semiconductor Deep Dive Newsletter for its true and complete contents.

161. To the extent Paragraph 161 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 161 and respectfully refer the Court to the text of Defendants' statements in the Company's 4Q 2024 and FY 2024 earnings call and earnings calls throughout the putative Class Period for their true and complete contents.

162. To the extent Paragraph 162 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 162 and respectfully refer the Court to the text of Defendant Dassen's statements in the Company's 4Q 2024 and FY 2024 earnings call for their true and complete contents.

163. To the extent Paragraph 163 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 163 and respectfully refer the Court to the Company's December 2, 2024 announcement for its true and complete contents.

V.      **DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS**

164.    To the extent Paragraph 164 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 164.

A.      **Defendants' False And Misleading Statements And Omissions Concerning Adverse Facts Related To The Company's Leading-Edge Customers**

165.    Paragraph 165 relates to Dismissed Claims, and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 165 and respectfully refer the Court to the text of Defendant Wennink's statements in the Company's 4Q 2023 and FY 2023 earnings call for their true and complete contents.

166.    Defendants deny the allegations in Paragraph 166 and respectfully refer the Court to the text of Defendant Dassen's statements in the Company's 4Q 2023 and FY 2023 pre-recorded earnings video for their true and complete contents.

167.    To the extent Paragraph 167 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 167 and incorporate their responses to ¶¶98-118 and ¶134.

168.    To the extent Paragraph 168 relates to Dismissed Claims, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 168 and respectfully refer the Court to the text of Defendants Dassen's and Fouquet's statements in the Company's 1Q 2024 earnings call for their true and complete contents.

169.    Paragraph 169 relates to Dismissed Claims, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 169 and respectfully refer the Court to the text of Defendant Dassen's statements in the Company's 1Q 2024 earnings call and pre-recorded earnings video for their true and complete contents.

35

170.    To the extent Paragraph 170 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 170 and incorporate their responses to ¶¶98-118 and ¶134.

171.    Paragraph 171 relates to Dismissed Claims, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 171 and respectfully refer the Court to the text of Defendant Dassen's statements in the Company's 1Q 2024 pre-recorded earnings video for their true and complete contents.

172.    Paragraph 172 relates to Dismissed Claims and purports to state legal conclusions, and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 172 and incorporate their responses to ¶¶98-118 and ¶134.

173.    Defendants deny the allegations in Paragraph 173 and respectfully refer the Court to the text of Defendant Fouquet's statements in the Company's 2Q 2024 earnings call and pre-recorded earnings video for their true and complete contents.

174.    To the extent Paragraph 174 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 174 and incorporate their responses to ¶¶98-118 and ¶134.

175.    Paragraph 175 relates to Dismissed Claims, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 175 and respectfully refer the Court to the text of Defendants Miller's statements at the August 5, 2024 KeyBanc conference for their true and complete contents.

176.    Paragraph 176 relates to Dismissed Claims and purports to state legal conclusions, and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 176 and incorporate their responses to ¶¶98-118 and ¶134.

177.    To the extent Paragraph 177 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 177 and respectfully refer the Court to the text of Defendants Miller's statements at the August 5, 2024 KeyBanc conference for their true and complete contents.

178.    To the extent Paragraph 178 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 178 and incorporate their responses to ¶¶98-118 and ¶134.

179.    Paragraph 179 relates to Dismissed Claims, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 179 and respectfully refer the Court to the text of Defendant Miller's statements at the September 10, 2024 Goldman Sachs Conference for their true and complete contents.

180.    Paragraph 180 relates to Dismissed Claims and purports to state legal conclusions, and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 180 and incorporate their responses to ¶¶98-118 and ¶134.

**B.      Defendants' False And Misleading Statements And Omissions Concerning China Performance**

181.    Paragraph 181 relates to Dismissed Claims, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 181 and respectfully refer the Court to the text of Defendants Wennink's and Dassen's statements in the Company's 4Q 2023 and FY 2023 earnings call for their true and complete contents.

182.    Paragraph 182 relates to Dismissed Claims and purports to state legal conclusions, and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 182 and incorporate their responses to ¶¶119-127.

183.    Paragraph 183 relates to Dismissed Claims, and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 183 and respectfully refer the Court to the text of Defendant Dassen's statements in the Company's 4Q 2023 and FY 2023 pre-recorded earnings video for their true and complete contents.

184.    Paragraph 184 relates to Dismissed Claims and purports to state legal conclusions, and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 184 and incorporate their responses to ¶¶119-127.

185.    Paragraph 185 relates to Dismissed Claims, and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 185, except admit that, as publicly disclosed throughout the putative Class Period, the proportion of ASML's net system sales to China increased in 2023 and 2024 as ASML was able to fulfill prior, under-filled orders from customers in China given shifts in demand timing from other customers, and respectfully refer the Court to the Company's 2023 Annual report filed with the SEC for its true and complete contents.

186.    Paragraph 186 relates to Dismissed Claims and purports to state legal conclusions, and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 186 and incorporate their responses to ¶¶119-127.

187.    Paragraph 187 relates to Dismissed Claims, and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 187 and respectfully refer the Court to the text of Defendant Dassen's statements in the Company's 1Q 2024 earnings call for their true and complete contents.

188.    Paragraph 188 relates to Dismissed Claims and purports to state legal conclusions, and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 188 and incorporate their responses to ¶¶119-127.

189.    Defendants deny the allegations in Paragraph 189 and respectfully refer the Court to the text of Defendant Fouquet's statements in the Company's 2Q 2024 earnings call for their true and complete contents.

190.    To the extent Paragraph 190 purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 190 and incorporate their responses to ¶¶119-127.

191.    Paragraph 191 relates to Dismissed Claims, and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 191 and respectfully refer the Court to the text of Defendants Miller's statements at the August 5, 2024 KeyBanc conference for their true and complete contents.

192.    Paragraph 192 relates to Dismissed Claims and purports to state legal conclusions, and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 192 and incorporate their responses to ¶¶119-127.

193.    Paragraph 193 relates to Dismissed Claims, and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 193 and respectfully refer the Court to the text of Defendant Fouquet's statements at the September 4, 2024 Citi Conference for their true and complete contents.

194.    Paragraph 194 relates to Dismissed Claims and purports to state legal conclusions, and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 194 and incorporate their responses to ¶¶119-127.

195.    To the extent Paragraph 195 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 195, and otherwise respectfully refer the Court to the text of Defendant Miller's statements at the September 10, 2024 Goldman Sachs Conference for their true and complete contents.

196.    To the extent Paragraph 196 relates to Dismissed claims or purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 196 and incorporate their responses to ¶¶119-127.

**C.    Defendants' False And Misleading Statements And Omissions Concerning The Strength Of The Company's Backlog**

197.    Paragraph 197 relates to Dismissed Claims, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 197 and respectfully refer the Court to the text of Defendant Wennink's statements in the Company's 4Q 2023 and FY 2023 earnings call for their true and complete contents.

198.    Paragraph 198 relates to Dismissed Claims, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 198 and respectfully refer the Court to the text of Defendant Fouquet's statements in the Company's 1Q 2024 earnings call for their true and complete contents.

199.    To the extent Paragraph 199 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 199 and respectfully refer the Court to the text of Defendants' statements in the Company's 2Q 2024 earnings call and pre-recorded earnings video for their true and complete contents.

200.    To the extent Paragraph 200 relates to Dismissed Claims or purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 200 and incorporate their responses to ¶¶98-127 and ¶134.

**D.      Defendants' False And Misleading Statements And Omissions Concerning The Company's Order Intake**

201.      Paragraph 201 relates to Dismissed Claims, and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 201 and respectfully refer the Court to the text of Defendant Wennink's statements in the Company's 4Q 2023 and FY 2023 earnings call, earnings press release filed with the SEC, and pre-recorded earnings video for their true and complete contents.

202.      Paragraph 202 relates to Dismissed Claims, and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 202 and respectfully refer the Court to the text of Defendant Dassen's statements in the Company's 4Q 2023 and FY 2023 earnings press conference webcast for their true and complete contents.

203.      To the extent Paragraph 203 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 203 and respectfully refer the Court to the text of Defendants' statements in the Company's 2Q 2024 earnings call and pre-recorded earnings video for their true and complete contents.

204.      To the extent Paragraph 204 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 204 and incorporate their responses to ¶¶161-162.

**E.      Defendants' False And Misleading Statements And Omissions Concerning The State Of The Industry Recovery**

205.      Defendants deny the allegations in Paragraph 205 and respectfully refer the Court to the text of Defendant Wennink's statements in the Company's 4Q 2023 and FY 2023 earnings call for their true and complete contents.

41

206.    Defendants deny the allegations in Paragraph 206 and respectfully refer the Court to the text of Defendant Wennink's statements in the Company's 4Q 2023 and FY 2023 earnings press release filed with the SEC for their true and complete contents.

207.    Defendants deny the allegations in Paragraph 207 and respectfully refer the Court to the text of Defendant Dassen's statements in the Company's 4Q 2023 and FY 2023 earnings press conference webcast for their true and complete contents.

208.    Defendants deny the allegations in Paragraph 208 and respectfully refer the Court to the text of Defendant Dassen's statements in the Company's 4Q 2023 and FY 2023 pre-recorded earnings video for their true and complete contents.

209.    Defendants deny the allegations in Paragraph 209 and respectfully refer the Court to the text of Defendant Wennink's statements in the Company's 1Q 2024 earnings call for their true and complete contents.

210.    Defendants deny the allegations in Paragraph 210 and respectfully refer the Court to the text of Defendant Dassen's statements in the Company's 1Q 2024 pre-recorded earnings video for their true and complete contents.

211.    Defendants deny the allegations in Paragraph 211 and respectfully refer the Court to the text of Defendant Fouquet's statements in the Company's 2Q 2024 earnings call for their true and complete contents.

212.    Defendants deny the allegations in Paragraph 212 and respectfully refer the Court to the text of Defendant Fouquet's statements in the Company's 2Q 2024 pre-recorded earnings video for their true and complete contents.

213.    Defendants deny the allegations in Paragraph 213 and respectfully refer the Court to the text of Defendant Miller's statements at the August 5, 2024 KeyBanc conference for their true and complete contents.

214.    To the extent Paragraph 214 purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 214 and incorporate their responses to ¶¶119-127 and ¶134.

### F. Defendants' False And Misleading Statements And Omissions As To 2025 Performance

215.    Paragraph 215 relates to Dismissed Claims, and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 215 and respectfully refer the Court to the text of Defendants' statements in the Company's 4Q 2023 and FY 2023 pre-recorded earnings video for their true and complete contents.

216.    To the extent Paragraph 216 relates to Dismissed Claims, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 216 and respectfully refer the Court to the text of Defendants Wennink's statements in the Company's 3Q 2023 earnings call and 4Q 2023 and FY 2023 earnings call for their true and complete contents.

217.    To the extent Paragraph 217 relates to Dismissed Claims, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 217 and respectfully refer the Court to the text of Defendant Dassen's statements in the Company's 1Q 2024 earnings call for their true and complete contents.

218.    Paragraph 218 relates to Dismissed Claims, and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 218 and respectfully refer the Court to the text of Defendant Dassen's statements at the April 24, 2024 shareholder meeting for their true and complete contents.

219.    To the extent Paragraph 219 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 219 and respectfully refer the Court to the text of Defendant Dassen's statements in the Company's 2Q 2024 earnings call for their true and complete contents.

220.    Defendants deny the allegations in Paragraph 220 and respectfully refer the Court to the text of Defendant Miller's statements at the August 5, 2024 KeyBanc conference for their true and complete contents.

221.    To the extent Paragraph 221 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 221 and respectfully refer the Court to the text of Defendant Fouquet's statements at the September 4, 2024 Citi Conference for their true and complete contents.

222.    To the extent Paragraph 22 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 222 and respectfully refer the Court to the text of Defendant Miller's statements at the September 10, 2024 Goldman Sachs Conference for their true and complete contents.

223.    To the extent Paragraph 223 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 223 and incorporate their responses to ¶¶98-127, and ¶134.

## VI.    LOSS CAUSATION

224.    To the extent Paragraph 224 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 224.

225. To the extent Paragraph 225 relates to Dismissed Claims or purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 225.

226. Defendants deny the allegations in Paragraph 226, except admit that in the Company's 3Q 2024 earnings press release filed with the SEC, ASML reported quarterly bookings of €2.63 billion and narrowed its 2025 net sales guidance to €30 billion and €35 billion, and otherwise respectfully refer the Court to the referenced earnings press release for its true and complete contents.

227. To the extent Paragraph 227 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 227, except admit that in the Company's 3Q 2024 earnings press release filed with the SEC, ASML guided 2025 gross margin between 51% and 53%, and otherwise respectfully refer the Court to the referenced earnings press release for its true and complete contents.

228. Defendants deny the allegations in Paragraph 228, except admit that certain language quoted in Paragraph 228 is included in the referenced analyst reports and respectfully refer the Court to the analyst reports for their true and complete contents.

229. Defendants deny the allegations in Paragraph 229, except admit that certain language quoted in Paragraph 229 is included in the referenced analyst reports and respectfully refer the Court to the analyst reports for their true and complete contents.

230. To the extent Paragraph 230 purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 230 and respectfully refer the Court to public market sources for a true and accurate record of the stock price on the relevant days.

231.    Defendants deny the allegations in Paragraph 231 and respectfully refer the Court to text of Defendant Dassen's statements in the Company's 3Q 2024 earnings call for their true and complete contents.

232.    To the extent Paragraph 232 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 232 and respectfully refer the Court to text of Defendants Dassen's and Fouquet's statements in the Company's 3Q 2024 earnings call for their true and complete contents.

233.    Defendants deny the allegations in Paragraph 233 and respectfully refer the Court to text of Defendant Dassen's statements in the Company's 3Q 2024 earnings call for their true and complete contents.

234.    Defendants deny the allegations in Paragraph 234, except admit that certain language quoted in Paragraph 234 is included in the referenced Wolfe Research report and respectfully refer the Court to the report for its true and complete contents.

235.    Defendants deny the allegations in Paragraph 235, except admit that certain language quoted in Paragraph 235 is included in the referenced Wolfe Research report and respectfully refer the Court to the report for its true and complete contents.

236.    Defendants deny the allegations in Paragraph 236, except admit that certain language quoted in Paragraph 236 is included in the referenced Cantor Fitzgerald report and respectfully refer the Court to the Cantor Fitzgerald report for its true and complete contents.

237.    Defendants deny the allegations in Paragraph 237, except admit that certain language quoted in Paragraph 237 is included in the referenced analyst reports and respectfully refer the Court to the analyst reports for their true and complete contents.

238.    To the extent Paragraph 238 purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 238 and respectfully refer the Court to public market sources for a true and accurate record of the stock price on the relevant days.

239.    To the extent Paragraph 239 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 239.

## VII.    ADDITIONAL SCIENTER ALLEGATIONS

240.    To the extent Paragraph 240 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 240.

### A.    Defendants' Insider Sales Support A Strong Inference Of Scienter

241.    To the extent Paragraph 241 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 241 and respectfully refer the Court to public filings with the AFM for a true and complete record of transactions in ASML stock reported by Defendant Fouquet, Defendant Dassen, Frédéric Schneider-Maunoury, and Wayne Allan.

242.    To the extent Paragraph 242 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 242 and respectfully refer the Court to public filings with the AFM for a true and complete record of transactions in ASML stock reported by Defendant Fouquet, Defendant Dassen, Mr. Schneider-Maunoury, and Mr. Allan.

243.    To the extent Paragraph 243 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 243 and

respectfully refer the Court to public filings with the AFM for a true and complete record of transactions in ASML stock reported by Defendant Dassen, and to ASML's Insider Trading Rules filed with the SEC and Defendants' statements in September 2024 for their true and complete contents.

244.    To the extent Paragraph 244 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 244 and respectfully refer the Court to public filings with the AFM for a true and complete record of transactions in ASML stock reported by Defendant Fouquet.

245.    To the extent Paragraph 245 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 245 and respectfully refer the Court to public filings with the AFM for a true and complete record of transactions in ASML stock reported by Mr. Schneider-Manoury and Mr. Allan.

246.    To the extent Paragraph 246 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 246 and respectfully refer the Court to public filings with the AFM for a true and complete record of transactions in ASML stock reported by Mr. Schneider-Manoury and Mr. Allan.

247.    To the extent Paragraph 247 relates to Dismissed Claims or purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 247 and respectfully refer the Court to public filings with the AFM for a true and complete record of transactions in ASML stock reported by Defendant Fouquet, Defendant Dassen, Mr. Schneider-Maunoury, and Mr. Allan.

248.    To the extent Paragraph 248 relates to Dismissed Claims or purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the

allegations in Paragraph 248 and respectfully refer the Court to public filings with the AFM for a true and complete record of transactions in ASML stock reported by Mr. Allan.

249.    To the extent Paragraph 249 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 249 and respectfully refer the Court to public filings with the AFM for a true and complete record of transactions in ASML stock reported by Mr. Allan and to Defendants' referenced statements for their true and complete contents.

250.    To the extent Paragraph 250 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 250 and respectfully refer the Court to public filings with the AFM for a true and complete record of transactions in ASML stock reported by Defendant Fouquet, Defendant Dassen, Mr. Schneider-Maunoury, and Mr. Allan.

251.    To the extent Paragraph 251 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 251 and respectfully refer the Court to public filings with the AFM for a true and complete record of transactions in ASML stock reported by Defendant Fouquet, Defendant Dassen, Mr. Schneider-Maunoury, and Mr. Allan.

**B.      Defendants' Unique And Nonpublic Insight Into Their Customers And The Industry Support A Strong Inference Of Scienter**

252.    To the extent Paragraph 252 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 252.

253.    To the extent Paragraph 253 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 253 and

respectfully refer the Court to ASML's 2024 Annual Report for its true and complete contents and to ASML's public disclosures for a true and complete account of the matters purported to be described in Paragraph 253.

254.    To the extent Paragraph 254 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 254 and respectfully refer the Court to the text of Defendants' statements in the Company's 4Q 2023 and full year earnings call and the 1Q 2024 earnings call for their true and complete contents.

255.    To the extent Paragraph 255 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 255 and respectfully refer the Court to the text of Defendants' statements at the July 5, 2024 radio interview and August 5, 2024 KeyBanc conference for their true and complete contents.

256.    To the extent Paragraph 256 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 256 and respectfully refer the Court to the referenced analyst reports and to Defendants' statements for their true and complete contents.

257.    To the extent Paragraph 257 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 257, except admit that, as disclosed before and during the putative Class Period, while ASML's lithography machines required lead time to manufacture, ASML was prebuilding its inventory and preparing to be able to ship tools to customers in 2025 based on anticipated demand before receiving purchase orders, and otherwise respectfully refer the Court to the text of Defendant Miller's remarks at the August 5, 2024 KeyBanc conference for their true

and complete contents and to ASML's public disclosures for a true and complete account of the matters purported to be described in Paragraph 257.

258.    Based on information and belief, and as reflected in FE 5's sworn declaration, ECF 94-94, Defendants deny that the allegations in Paragraph 258 present a true and complete account of statements made by FE 5 to Plaintiffs' representatives.   Defendants otherwise deny the remaining allegations in Paragraph 258.

259.    To the extent Paragraph 259 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 259 and respectfully refer the Court to the text of Defendants' statements on January 24, 2024, April 17, 2024, July 17, 2024, August 5, 2024, and September 4, 2024 for their true and complete contents and to ASML's public disclosures for a true and complete account of the matters purported to be described in Paragraph 259.

260.    Based on information and belief, and as reflected in FE 5's sworn declaration, ECF 94-94, Defendants deny that the allegations in Paragraph 260 present a true and complete account of statements made by FE 5 to Plaintiffs' representatives.   Defendants otherwise deny the allegations in Paragraph 260.

261.    Based on information and belief, and as reflected in FE 7's sworn declaration, ECF 94-96, Defendants deny that the allegations in Paragraph 261 present a true and complete account of statements made by FE 7 to Plaintiffs' representatives.   Defendants otherwise deny the allegations in Paragraph 261, except admit that FE 7 was employed by ASML as a Customer Support Engineer and then Field Service Engineer from June 21, 2010 through July 14, 2023.

262.    Based on information and belief, and as reflected in FE 7's sworn declaration, ECF 94-96, Defendants deny that the allegations in Paragraph 262 present a true and complete account

of statements made by FE 7 to Plaintiffs' representatives.  Defendants otherwise deny the allegations in Paragraph 262.

### C.    Defendants' Admission That There Was A "Factual Absence" Of Industry Recovery Supports A Strong Inference Of Scienter

263.    To the extent Paragraph 263 relates to Dismissed Claims or purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 263 and respectfully refer the Court to ASML's public disclosures for their true and complete contents.

### D.    Defendants' Admission That Order Intake Does Not "Accurately" Reflect Business Momentum Supports A Strong Inference Of Scienter

264.    To the extent Paragraph 264 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 264 and respectfully refer the Court to ASML's public disclosures for their true and complete contents.

### E.    The Close Proximity Between Defendants' False And Misleading Statements And The Revelation Of The Truth Supports A Strong Inference Of Scienter

265.    To the extent Paragraph 265 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 265 and respectfully refer the Court to ASML's public disclosures for their true and complete contents.

266.    To the extent Paragraph 266 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 266.

**F.    The False And Misleading Statements And Omissions Concerned Matters Critical To ASML's Performance, Which Supports A Strong Inference Of Scienter**

267.    To the extent Paragraph 267 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 267.

268.    To the extent Paragraph 268 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 268 and respectfully refer the Court to the text of Defendants' statements at the December 2022 TMT Conference for their true and complete contents.

**G.    That Defendants' False And Misleading Statements Concerned Subjects About Which Defendants Frequently And Authoritatively Spoke Supports A Strong Inference Of Scienter**

269.    To the extent Paragraph 269 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief regarding allegations about analyst actions and otherwise deny the allegations in Paragraph 269.

270.    To the extent Paragraph 270 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 270 and respectfully refer the Court to ASML's public disclosures for their true and complete contents.

271.    To the extent Paragraph 271 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 271 and respectfully refer the Court to ASML's public disclosures for their true and complete contents.

272.    To the extent Paragraph 272 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 272.

## H.    Defendants' Involvement In Discussions Around Export Restrictions Supports A Strong Inference Of Scienter

273.    To the extent Paragraph 273 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 273.

274.    To the extent Paragraph 274 relates to Dismissed Claims or purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 274 and respectfully refer the Court to the text of Defendants' statements in the Company's 4Q 2023 and full year 2023 earnings call, the 1Q 2024 earnings call, and the September 4, 2024 Citi conference, and to the April 5, 2024 Reuters article for their true and complete contents.

## I.    The Suspicious Circumstances Of Defendant Miller's Departure Supports A Strong Inference Of Scienter

275.    To the extent Paragraph 275 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 275, except admit that Defendant Miller held various titles during his tenure at ASML since 2002, served as Head of Investor Relations during the putative Class Period, and retired from ASML on August 8, 2025.

276.    To the extent Paragraph 276 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 276.

277. To the extent Paragraph 277 relates to Dismissed Claims or purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 277 and respectfully refer the Court to ASML's public disclosures for their true and complete contents.

**J. Defendants Possessed The Motive And Opportunity To Artificially And Unsustainably Accelerate The Company's China Sales Given Political Pressure And Global Downturn**

278. To the extent Paragraph 278 relates to Dismissed Claims or purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 278 and respectfully refer the Court to Defendants' statements for a true and complete account of the matters purported to be described in Paragraph 278.

279. To the extent Paragraph 279 relates to Dismissed Claims or purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 279 and respectfully refer the Court to Defendants' statements for a true and complete account of the matters purported to be described in Paragraph 279.

**K. Defendants' Selective Disclosure Of Material Non-Public Information Supports A Strong Inference of Scienter**

280. To the extent Paragraph 280 relates to Dismissed Claims or purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 280 and respectfully refer the Court to the referenced Nasdaq rules and ASML policy, and to Defendants' statements, for their true and complete contents.

281. To the extent Paragraph 281 relates to Dismissed Claims or purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 281 and respectfully refer the Court to the referenced and quoted rules and regulations for their true and complete contents.

282.    To the extent Paragraph 282 relates to Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 282 and respectfully refer the Court to ASML's Policy for Bilateral Contacts with Shareholders for its true and complete contents.

283.    To the extent Paragraph 283 relates to Dismissed Claims or purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 283 and respectfully refer the Court to the referenced AFM guidance for its true and complete contents.

## VIII.    CLASS ACTION ALLEGATIONS

284.    To the extent Paragraph 284 contains Plaintiffs' characterization of the Action, relates to Dismissed Claims, or purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 284.

285.    To the extent Paragraph 285 relates to Dismissed Claims or purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 285.

286.    To the extent Paragraph 286 contains Plaintiffs' characterization of the Action, relates to Dismissed Claims, or purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 286.

287.    To the extent Paragraph 287 relates to Dismissed Claims or purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 287.

288.    To the extent Paragraph 288 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 288.

289.    To the extent Paragraph 289 relates to Dismissed Claims or purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 289.

## IX.    APPLICABILITY OF THE PRESUMPTION OF RELIANCE

290.    To the extent Paragraph 290 contains Plaintiffs' characterization of the Action, relates to Dismissed Claims, or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 290.

291.    To the extent Paragraph 291 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 291.

292.    To the extent Paragraph 292 contains Plaintiffs' characterization of the Action, relates to Dismissed Claims or purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 292.

## X.    NO SAFE HARBOR

293.    To the extent Paragraph 293 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 293.

294.    To the extent Paragraph 294 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 294.

295.    To the extent Paragraph 295 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 295.

## XI.    CLAIMS FOR RELIEF UNDER THE EXCHANGE ACT

### COUNT I

**Violation of Section 10(b) of the Exchange Act and
SEC Rule 10b-5 Promulgated Thereunder
Against All Defendants**

296.    To the extent Paragraph 296 contains Plaintiffs' characterization of the Action or refers to the Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 296.  Defendants further incorporate their answers to each and every allegation above as if fully set forth herein.

297.    To the extent Paragraph 297 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 297.

298.    To the extent Paragraph 298 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 298.

299.    To the extent Paragraph 299 relates to Dismissed Claims or purports to state legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 299.

## COUNT II

### Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

300.   To the extent Paragraph 300 contains Plaintiffs' characterization of the Action or refers to the Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 300.  Defendants further incorporate their answers to each and every allegation above as if fully set forth herein.

301.   To the extent Paragraph 301 relates to Dismissed Claims or purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 301.

302.   To the extent Paragraph 302 relates to Dismissed Claims or purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 302.

303.   To the extent Paragraph 303 relates to Dismissed Claims or purports to state legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 303.

## COUNT III

### Violation of Section 20A of the Exchange Act,
### Against Defendants Dassen and Fouquet

304.   To the extent Paragraph 304 contains Plaintiffs' characterization of the Action or refers to the Dismissed Claims, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 304.  Defendants further incorporate their answers to each and every allegation above as if fully set forth herein.

305.   Paragraph 305 relates to Dismissed Claims and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 305.

59

306.    Paragraph 306 relates to Dismissed Claims and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 306.

307.    Paragraph 307 relates to Dismissed Claims and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 307.

308.    Paragraph 308 relates to Dismissed Claims and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 308.

309.    Paragraph 309 relates to Dismissed Claims and no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 309.

## XII.    PRAYER FOR RELIEF

Defendants deny that Plaintiffs and the putative class are entitled to any relief against Defendants, and Defendants respectfully request that the Court dismiss all the claims against them with prejudice and/or enter judgment in the Defendants' favor on all such claims and order such further relief as the Court deems just and proper.  Defendants further deny that this case is appropriate for class action treatment.

## XIII.    JURY TRIAL DEMANDED

No response is required to Plaintiffs' demand for a jury trial.

### AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following defenses and reserve the right to assert other defenses or claims when and if they become appropriate and/or available in this Action and hereby reserve all rights to amend and/or supplement any and all defenses set forth herein. The statement of any defense herein does not assume the burden of proof for any issue as to which the applicable law places the burden of proof on Plaintiffs.

## FIRST DEFENSE

The AC fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The AC fails to plead fraud with the particularity required by Rule 9(b) and the PSLRA, 15 U.S.C. § 78u-4.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants did not make any statements that were false or misleading when made.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants did not omit or fail to state any material fact necessary to make any statement by Defendants not false or misleading.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants had no duty to disclose the allegedly omitted information.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because certain alleged misstatements were forward-looking statements, and either (i) were immaterial, or (ii) were identified as such and were accompanied by meaningful cautionary language identifying important factors that could cause actual results to differ materially from those in the forward-looking statements. Accordingly, such alleged misstatements are non-actionable under the PSLRA, 15 U.S.C. § 78u-5(c)(1)(A), (c)(2), and the bespeaks caution doctrine.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because certain alleged misstatements are

61

not actionable under the PSLRA, 15 U.S.C. § 78u-5(c)(1)(B), because: (a) the statements were forward-looking and the person making the statements did not have actual knowledge that the statements were false or misleading, or (b) the statements were made or approved by an executive officer of ASML who did not have actual knowledge that the statements were false or misleading.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because certain alleged misstatements were non-actionable opinions genuinely believed by the speaker when made that did not contain embedded statements of untrue facts, and did not omit to state a material fact necessary to make the statements therein not misleading.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because certain alleged misstatements are non-actionable generic statements of corporate optimism or other non-actionable puffery, on which no reasonable investor would have relied.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because certain alleged misrepresentations or omissions were not material as a matter of law.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred because the relevant Defendants did not possess the requisite scienter at the time each alleged false or misleading statement or omission was made.

## TWELFTH DEFENSE

Plaintiffs' claims are barred because Defendants did not intentionally or recklessly make any misleading statement or actionable omission.

62

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred because, at all relevant times, Defendants acted in good faith and with reasonable care, and did not know, and in the exercise of reasonable care could not have known of the alleged misstatements or omissions.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the substance of the material information that Plaintiffs alleged to have been misrepresented or omitted was in fact disclosed in public filings, was publicly available, widely known to the market, and/or otherwise actually or constructively known to, or should have been known by, Plaintiffs.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs purchased the securities at issue with actual or constructive knowledge of the risks involved and assumed those risks.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants did not breach any duties owed to Plaintiffs.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not and could not have reasonably or justifiably relied on the alleged misstatements or omissions.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of the lack of loss causation. Any damages or injuries allegedly suffered by Plaintiffs or any putative class members were not legally caused by the alleged misstatements or omissions.

63

### NINETEENTH DEFENSE

Defendants Dassen, Fouquet, Miller, and Wennink are not liable as control persons because there is no underlying fraud.

### TWENTIETH DEFENSE

Defendants Dassen, Fouquet, Miller, and Wennink had no knowledge of, or reasonable grounds to believe in, the existence of facts by reason of which the liability of the controlled person is alleged to exist.

### TWENTY-FIRST DEFENSE

Plaintiffs' control-person claims are barred because no Defendant directly or indirectly induced any act alleged in the AC to have violated the securities laws.

### TWENTY-SECOND DEFENSE

To the extent that Plaintiffs and putative class members did not own shares in ASML during the putative Class Period, or sold shares prior to any alleged corrective disclosure, Plaintiffs and putative class members lack standing to assert certain of their claims.

### TWENTY-THIRD DEFENSE

This case should not be certified as a class action because the class as alleged by Plaintiffs does not satisfy the requirements of Rule 23.

### TWENTY-FOURTH DEFENSE

The claims brought on behalf of a putative class are barred in whole or in part to the extent the Plaintiffs do not meet the adequacy or typicality requirements of Rule 23.

### TWENTY-FIFTH DEFENSE

Plaintiffs have not suffered any loss, damage, or injury as a result of the conduct alleged in the AC.

64

**TWENTY-SIXTH DEFENSE**

Without admitting that any violation of law occurred, any recovery for alleged damages, if any, is limited to the percentage of responsibility of each Defendant in proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to Plaintiffs' alleged damages, in accordance with the proportionate liability provisions of the PSLRA, 15 U.S.C. § 78u-4(f)(2)(B)(i).

**TWENTY-SEVENTH DEFENSE**

Without admitting that any violation of law occurred, any damages are capped by the PSLRA, 15 U.S.C. § 78u-4(e)(1).

**TWENTY-EIGHTH DEFENSE**

Any decline in ASML share price for which Plaintiffs claim Defendants are responsible was not caused or contributed to by the disclosure of any material misrepresentation or actionable omission by Defendants and was otherwise caused or contributed to by (a) persons or entities for whom Defendants are not responsible and for whom Defendants are not liable or (b) factors other than any alleged misrepresentations or omissions for which Defendants may be responsible.

**TWENTY-NINTH DEFENSE**

Any claim by Plaintiffs for prejudgment interest should fail because the amount of damages (if any) was not readily ascertainable at the time this Action was commenced. Nor are Plaintiffs entitled to attorney's fees or other fees or costs, as a matter of law.

**THIRTIETH DEFENSE**

Without admitting that any violation of law occurred, Defendants are entitled to recover contribution and/or indemnity from others for any liability they incur as a result of any claim.

65

## THIRTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, unclean hands, and/or other equitable doctrines.

## THIRTY-SECOND DEFENSE

Defendants have insufficient knowledge or information upon which to form a belief as to whether there may be, as yet unstated, affirmative defenses available to Defendants, and thus expressly (i) reserve the right to amend or supplement their Answer, defenses, and all other pleadings, and (ii) reserve the right at any time to assert any and all (a) additional defenses under any applicable law, rule, or regulation or (b) cross-claims, counterclaims, or third-party claims.

Dated: New York, New York
       May 1, 2026

Respectfully submitted,

/s/ Meredith Kotler
Meredith Kotler
Agnès Dunogué
Nicholas A. Caselli
Abhinaya Swaminathan
FRESHFIELDS US LLP
3 World Trade Center
175 Greenwich St., 51st Fl.
New York, New York 10007
Telephone: (212) 277-4000
meredith.kotler@freshfields.com
agnes.dunogue@freshfields.com
nicholas.caselli@freshfields.com
abhinaya.swaminathan@freshfields.com

*Attorneys for Defendants*

66