FRESHFIELDS

**New York**

3 World Trade Center
175 Greenwich Street
New York, NY 10007

**Meredith Kotler**
**T** +1 (212) 277-4000
**E** meredith.kotler@freshfields.com

July 20, 2026

**VIA ECF**

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *In re ASML Holding N.V. Securities Litigation*, No. 24-cv-08664 (NRB)

Dear Judge Buchwald:

Defendants respectfully submit this letter to provide an update to the Court in connection with Defendants' pending Motion for Reconsideration, ECF 125, 126, 132, of the Court's March 27, 2026 Order, ECF 120, denying in part Defendants' Motion to Dismiss the Amended Complaint.

Defendants received Lead Plaintiffs' Initial Disclosures on July 13, 2026. Plaintiffs were required to identify individuals whom Lead Plaintiffs "may use" to support their claims. Fed. R. Civ. P. 26(a)(1)(A)(i). Lead Plaintiffs' Initial Disclosures did not include the seven anonymous ASML former employees ("FEs"), whose purported statements Lead Plaintiffs featured in the Amended Complaint and whose identities Lead Plaintiffs know. By letter dated July 14, 2026, we requested that, "[t]o the extent the FEs are still individuals whom Lead Plaintiffs may use to support their claims," they amend their Initial Disclosures by no later than Thursday, July 16, to include identifying information for the FEs. By letter dated July 16, Lead Plaintiffs refused to so amend.[1]

Lead Plaintiffs relied on the FEs' purported statements to oppose Defendants' Motion to Dismiss, ECF 103 at 8-9, 23, 30-31, and they currently rely on the FEs' purported statements to oppose Defendants' pending Motion for Reconsideration, ECF 129 at 4-5.[2] Lead Plaintiffs cannot have it both ways: they cannot abandon reliance on the FEs' purported statements (by expressly choosing, twice, not to include the FEs in required disclosure of individuals whom Lead Plaintiffs "may use" to support their claims) while simultaneously arguing that the FEs' purported statements are sufficient to avoid dismissal in connection with Defendants' Motion for Reconsideration.

Without the FEs, many of Lead Plaintiffs' allegations no longer have any purported factual support—including allegations about fab delays and utilization levels, which in turn serve as the primary or exclusive basis for the remaining challenged statements about the Company's then-expected 2025 performance, leading edge demand, industry recovery, backlog, and order intake. *See* ECF 126 at 3-5, 7-8 & n.5; ECF 132 at 2-3; March 27, 2026 Order at 27-28, 30-31, 36, 38-39, 48.

---

[1] Lead Plaintiffs referenced the caveating language in their Initial Disclosures that they reserve the right to supplement if additional information becomes available. That cannot apply to the FEs: Lead Plaintiffs have already expressly relied on them and indisputably know their identities. Lead Plaintiffs also claimed that Defendants' request is improper "informal" discovery. The federal rules, however, require automatic disclosure of any known individual whom Lead Plaintiffs "may use" to support their claims.

[2] The Court's March 27, 2026 Order likewise relied on the FEs' purported statements in denying dismissal of certain claims. Order at 27-28, 30-31, 36, 38-39, 48.

FRESHFIELDS



Defendants respectfully submit that Lead Plaintiffs' abandonment of the FEs as individuals Lead Plaintiffs "may use" to support their claims should be considered by the Court in deciding the Motion for Reconsideration.

Respectfully submitted,

*/s/ Meredith Kotler*
Meredith Kotler