FRESHFIELDS

**New York**

3 World Trade Center
175 Greenwich Street
New York, NY 10007

**Meredith Kotler**
**T** +1 (212) 277-4000
**E** meredith.kotler@freshfields.com

August 20, 2026

**VIA ECF**

The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *In re ASML Holding N.V. Securities Litigation*, No. 24-cv-08664 (NRB)

Dear Judge Buchwald:

Defendants respectfully respond to Plaintiffs' August 17, 2026 letter, ECF 146.[1]

## I. Plaintiffs Failed to Provide an Adequate Basis for Their Earlier Refusals to Identify the FEs as Persons They "May Use" to Support Their Claims, Per Rule 26(a)(1)

Plaintiffs repeat their claim that they did not include the FEs in their Initial Disclosures previously because the parties disputed the number of allowable depositions (15 vs. 30). ECF 146 at 1-2. This does not make sense for several reasons, and should give the Court pause notwithstanding Plaintiffs' current statement that they stand behind the FEs (made only after the Court indicated what the implications would be for continued refusal): (i) this explanation was not offered when Defendants requested that Plaintiffs amend their Initial Disclosures to the extent the FEs were still individuals whom Plaintiffs "may use" to support their claims, ECF 143-1, 143-2; (ii) it was not offered to the Court once Defendants raised the issue, and Plaintiffs instead noted they had separately identified more than 30 other persons or entities, including "former employees of ASML," ECF 141 at 1; (iii) there is no correlation between, much less limitation imposed by, Rule 26(a)(1) disclosures and permitted depositions, and (iv) Plaintiffs could, and did, request more depositions from the Court.

## II. The Amended Complaint's FE Allegations Lack the Requisite "Indicia of Reliability" and/or Fail to Meet Rule 11 Standards

Plaintiffs admit they were aware of *In re Millennial Media Sec. Litig.*, 2015 WL 3443918 (S.D.N.Y. May 29, 2015), ECF 146 at 2, but they did not follow it. There, the Court required sworn affidavits from *both* plaintiffs' counsel *and* the FEs. 2015 WL 3443918, *3.

Nor did Plaintiffs "check, and double-check," *id.*, *12, that the statements in the Amended Complaint ("AC") were accurately attributed to the FEs. Plaintiffs cannot justify their undisputed failure to provide those statements to the FEs, in writing and before filing the AC. Indeed, when FE7 asked to see a written summary of his statements, he identified more inaccuracies despite the oral verification process Plaintiffs claim they followed, ECF 94-96 ¶2—putting Plaintiffs on notice of the need to perform the same with the other FEs. After Defendants filed their MTD with five sworn FE declarations, Plaintiffs still chose not to obtain any sworn statements in the 2.5 months they had before opposing the MTD. Nor did Plaintiffs do so in connection with the MFR, or before or after this Court

[1] Defined terms as in Defendants' Motion to Dismiss ("MTD") moving and reply briefs, ECF 93, 112, and Defendants' Motion to Reconsider ("MFR") moving and reply briefs, ECF 126, 132.

set a conference to address the current issue. Plaintiffs' position that Defendants should have done more, ECF 146 at 3, is "backwards," as the Court noted. 8/13/26 Tr. at 34.

Thus, for the MFR, the Court is faced with Plaintiffs' refusals to identify the FEs in their Rule 26(a)(1) disclosures, for no valid reason, and only one set of sworn statements from the FEs.[2] There is no longer any required credibility determination or weighing of competing testimony. MTD Order at 22. In this posture, the Second Circuit has confirmed this Court may credit only the FEs' sworn statements. *Campo v. Sears Holdings*, 371 F. App'x 212, 216 n.4 (2d Cir. 2010) (relying on Rule 11). Indeed, Plaintiffs themselves now rely on those declarations, ECF 146 at 3, which make clear that key allegations on which the Court previously relied were never stated or were misstated:

- FE1 never told Plaintiffs he saw 50% utilization at Intel Arizona, ¶99 (cited in Order at 7, 28, 36); ECF 94-92 ¶5, and he never told Plaintiffs (and did not know) why some Intel Arizona machines were ramped down—which he told Plaintiffs was "typical[]"—but not ramped back up, ¶101 (cited in Order at 7, 28, 36); ECF 94-92 ¶6.

- FE3 told Plaintiffs he did not know why machines at Intel Arizona in 2023 were ramped down, ¶108 (cited in MTD Order at 28, 31, 36); ECF 94-93 ¶¶5-6, and he told Plaintiffs that ramped down machines were shipped to other locations and customers where they were needed, ECF 94-93 ¶6; ECF 146 at 3. FE3 never told Plaintiffs reports/data went "all the way up" to management. ¶109 (cited in Order at 28, 36); ECF 94-93 ¶7. FE3 also never told Plaintiffs he "did absolutely nothing" more than 60% of the time during the last four months of his time at ASML in 2023. ¶110 (cited in Order at 7, 28, 36); ECF 94-93 ¶8.

- FE5 told Plaintiffs he saw 70% utilization in Samsung Korea fabs *before the class period*, in 2023. ¶114; ECF 94-94 ¶8; ECF 104-2 ¶35. FE5 never told Plaintiffs that customers were stopping fab construction "across the board," ¶115 (cited in Order at 7), ECF 94-94 ¶9. He also never told Plaintiffs Samsung Korea had daily meetings regarding "what they needed by the end of the year" or future needs, ¶258 (cited in Order at 50-51); ECF 94-94 ¶10, and he never told Plaintiffs utilization metrics were reviewed daily, ¶260; ECF 94-94 ¶12.

- FE6 never told Plaintiffs TSMC delayed/cancelled upgrades because there was insufficient demand, ¶¶117-118 (cited in Order at 7); indeed, he undisputedly told Plaintiffs the opposite: he thought TSMC cancelled or delayed upgrades because it was too busy—it "could not afford to shut down" the machines to upgrade them, ECF 104-4 ¶11; ECF 94-95 ¶5. Plaintiffs' recent assertion otherwise, ECF 146 at n.2, again misrepresents the record.

To be credited, FE allegations must have sufficient "indicia of reliability," as made clear in *Long Miao v. Fanhua*, 442 F. Supp. 3d 774, 798-99, 803 (S.D.N.Y. 2020), and other cases. FE allegations generally are credited only where (i) there are "independent adequately pled factual allegations" corroborating them, or (ii) the FEs are "described sufficiently to indicate a high likelihood that they actually knew facts underlying their allegations," including by providing facts "situate[d] in time" contemporaneous with the challenged statements, while "insufficiently particular" FE allegations "are apt to be discounted or disregarded." *Id.* at 798-800. As for (i), the AC lacked corroborating facts, save Plaintiffs' mischaracterizations and misleading excerpting. Tr. at 19-24;

[2] The Coquin Declaration, ECF 104-2, on which Plaintiffs heavily rely, does not contain any FE sworn statements.

ECF 93 at 22-23, 34 & n.4; ECF 112 at 3-4, 11; ECF 126 at 1-3, 5-7, 12; ECF 132 at 1-4, 6.[3] As for (ii), there is no "high likelihood," given the FEs' sworn declarations, Plaintiffs' refusals to identify the FEs in their Rule 26(a) disclosures, and the FE allegations' lack of particularity.

Nor did Plaintiffs meaningfully distinguish *Belmont Holdings v. SunTrust Banks*, 896 F. Supp. 2d 1210 (N.D. Ga. 2012). The FE declaration there was "new" because it had not been submitted with the MTD. *Id.* at 1224-25. Further, Plaintiffs' attempt to manufacture FE "admissions" of "numerous material facts" in the declarations, ECF 146 at 3, fails. The few points Plaintiffs claim the declarations admit, *id.*, are insufficient to plead scienter and falsity, as described above and below.

## III. <u>Even Accepting the FE Allegations as True, They Failed to Plead Scienter or Falsity</u>

Plaintiffs' attempt to shore up the few FE allegations that were not recanted, and their argument that the Court can sustain its prior MTD Order on that basis, ECF 146 at 3, fails. Any such remaining allegations—or indeed any FE allegations—failed to plead scienter or falsity, as they provided vague, isolated anecdotes that were unmoored to the class period or the Individual Defendants. ECF 93 at 25-27, 33-34; ECF 112 at 9, 14; ECF 126 at 4-5, 11; ECF 132 at 2-3. Plaintiffs' August 17 letter again fails to show otherwise:

- *Scienter*: ***<u>No</u>*** FE claimed any connection to or relationship with any Individual Defendant, and thus could not speak to their scienter.

- *Utilization*: Only FE1 and FE5 supposedly provided estimates for alleged low utilization. Even putting aside his recantation, ECF 94-92 ¶5, FE1 did not say how or when the proffered rate for one Intel Arizona site was calculated, he did not say why machines that were typically ramped down were not ramped back up, and he did not proffer the typical utilization rate by Intel. ¶¶99, 101. FE5 provided a utilization rate for Samsung Korea fabs that was pre-class period, and he did not say how the rate was calculated or proffer the typical rate. ¶114. FE2 said only that he saw "significant decline" in utilization at one Intel site, ¶¶102-104, and FE3 vaguely described a "decrease in laser shots" at Intel Arizona before October 2023, and did not say why machines were ramped down, ¶108—and Plaintiffs now concede FE3 (and FE5) told them that ramped down machines were sent to other sites and customers that needed them, ECF 146 at 3. Further, no FE spoke about utilization of, or demand for, ASML's EUV and new, more advanced DUV technology.

- *Fab delay*: FE1 and FE5 claimed one Samsung and one Intel fab delay. ECF 146 at 3. But the AC admitted that the press reported on many fabs moving forward. *Supra*, n.3.

- *FE4*: He merely conveyed other people's speculation that 2025 would be a "lean year," ¶111.

In sum, Defendants respectfully submit that the MFR should be granted and the AC dismissed, whether based on (i) holding Plaintiffs to their prior choices and failures, and disregarding the FE allegations altogether, (ii) considering only the FE statements confirmed under oath in their declarations, on which Plaintiffs now rely, and/or (iii) even accepting the vague, anecdotal FE allegations as true.

---

[3] Any Samsung "admission" of decreased capital expenditures, ECF 146 at 3, was public and reflected other public reports of certain fab delays, ¶116—alongside reports of many fabs moving forward, ECF 93 at 27; ECF 112 at 2-3, 9; ECF 126 at 4.

FRESHFIELDS



Respectfully submitted,

*/s/ Meredith Kotler*
Meredith Kotler

cc: All counsel of record (via ECF)